J. Raymond Amyot, J.
This is an action for declaratory judgment and the plaintiffs have moved at Special Term for summary judgment pursuant to CPLR 3212.
The defendant, an insurance company authorized to do business in the State of New York, issued a policy of liability insurance to the plaintiff Kasson and Keller Inc. insuring a number of motor vehicles which were specifically identified in the policy. The policy provided bodily injury limits of $250,000/$500,00Q. It was in effect on September 2, 1971 when one of the insured trucks was involved in a collision in the State of Massachusetts while being operated by the plaintiff John W. DeCator, Jr., an employee of the plaintiff corporation. An indorsement attached to the policy and applicable to the involved vehicle provided:
“ commercial automobile-mileage limitation
“It is agreed that the insurance with respect to the automobile described below or designated in the policy as subject to this endorsement does not apply, if regular or frequent trips of the automobile exceed a 100 mile radius of the limits of the city or town where such automobile is principally garaged as stated in the policy, to any bodily injury or property damage which occurs during any such trip, or return therefrom, other than bodily injury or property damage which occurs during the use of such automobile for personal, pleasure or family purposes on a trip beyond such radius.”
It is conceded for the purpose of the motion that the truck involved made regular and frequent trips beyond the 100-mile radius of Fonda, New York, the city where the truck was principally garaged as stated in the policy. It is also conceded that the site of the accident in Massachusetts was more than 100 miles from Fonda, New York.
As a result of the Massachusetts accident one person received serious personal injuries and another person was killed. On their behalf an action has been commenced against Kasson and Keller Inc. and John W. DeCator, Jr. in Federal District Court for the District of Massachusetts, and the defendants in that action (the plaintiffs here) are represented by an attorney selected and provided by the Centennial Insurance Company (the defendant herein).
*452 Among the papers submitted both for, and in opposition to this motion for summary judgment is a copy of a so-called “ Non-Waiver Agreement ’’between Kasson and Keller Inc. and Centennial Insurance Company, dated November 30, 1971 which provides that the insurance company: “ may by its representatives proceed to investigate the said accident, or undertake the defense of any suit growing out of the said accident, without prejudice to the rights of the Said Company, and that no action heretofore or hereafter taken by The Company shall be construed as a waiver of the right of the Company, if in fact it has such right, to deny liability and withdraw from the case; also, that by the execution of this agreement the Assured does not waive any rights under the policy.”
The insurance company has proceeded with the defense of the Federal court action after the execution by Kasson and Keller Inc. of the “ Non-Waiver Agreement ” and it continues to furnish such defense through its selected attorney.
By registered letter dated May 11, 1972 addressed to Kasson and Keller Inc., the insurance company, from its Syracuse, New York office, advised the named assured Kasson and Keller Inc. that they had ‘1 made a very thorough study and investigation of this case.” The letter further states: “ Accordingly you are hereby advised that we shall continue the defense of this case under the waiver agreement which you heretofore executed on Nov. 30,1971, a copy of which is enclosed.”
The carrier’s next communication with the insured corporation was a letter dated August 30, 1973 from the Boston, Massachusetts office by which the insured was advised of on-going settlement negotiations well within the policy limits and the carrier suggested that ‘1 you forward this information on to your personal counsel for his information.”
Nothing further was heard from the carrier until a letter dated April 26, 1974 sent by certified mail from the Hartford, Connecticut office of the Centennial Insurance Company informed Kasson and Keller Inc. that the Federal court case was “ scheduled for trial the week of April 29, 1974.” This letter, dated almost three years after the collision, advised the insured corporation for the first time “ that no coverage exists for you on this loss, but that under a reservation of rights we are providing you with a defense.” This letter further confirmed that settlement demands were still within the policy limits and the named insured by this letter was then instructed that: *1 You may at this point desire to have your personal attorney take over *453 the complete defense of this matter on your behalf and/or have him enter into settlement negotiations.”
Upon receipt of this last referred to letter, Kasson and Keller Inc. engaged counsel and the herein action for declaratory judgment was commenced on May 16, 1974. The defendant has appeared and has pleaded as affirmative defenses that the 100-mile limitation indorsement was violated, and that the plaintiff Kasson and Keller Inc. executed a nonwaiver agreement.
At no time did the plaintiff John W. DeCator, Jr. sign a “ Non-Waiver Agreement ”. No letters were sent to him from the carrier advising him that the defense of the Federal court action against him was being provided pursuant to a nonwaiver agreement or advising him of the settlement negotiations in the Federal court action or suggesting that his personal attorney could take over defense of the action since 1 ‘ no coverage exists.” He was not in any way made aware of the carrier’s reluctance to provide coverage or of its intention not to defend the action brought against him, although under the policy he is an insured person to whom there is a contractual duty to defend and indemnify.
As to the plaintiff John W. DeCator, Jr:, the motion for summary judgment is granted.
Subdivision 8 of section 167 of the Insurance Law provides: ‘ ‘ If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant. ’ ’
That statutory mandate requires prompt notice of disclaimer or denial of coverage within a flexible yet measurable time, i.e. “as soon as reasonably possible.” No provision is made for extending the time for notice of disclaimer or denial of coverage by means of a letter reserving the rights of the carrier or by nonwaiver agreement executed by the carrier and the insured. Such self-serving devices are not allowed to benefit the carrier and disadvantage the insured. The required notice is a nullity if unduly delayed. The rule of prompt notice is absolute and unconditional. Although the reasonableness of1 the insurer’s delay may in some instances be a question of fact, the delay of almost three years under consideration in the instant motion is unreasonable as a matter of law. (Allstate Ins. Co. v. Gross, 27 N Y 2d 263; Alexander v. Stone, 45 A D 2d 216, 221.)
*454 It might be argued that the requirement for written notice of disclaimer or denial of coverage as soon as is reasonably possible is limited by the statute itself to accidents “ occurring within this state ’ \ That phrase appearing in the text of the statute defines the procedure to be followed for accidents “ occurring within the state ” but it grants no greater liberality to the carrier for accidents occurring outside the State. The interests of the insured are protected by prompt notice of disclaimer (Allstate Ins. Co. v. Cross, supra, p. 267) and that pro-, tection should not be diluted by the carrier’s retreat behind a phrase which has already been restricted by the Court of Appeals as not intended to exempt the carrier from coverage for accidents occurring outside the State. (Farber v. Smolack, 20 N Y 2d 198; Matter of Askey [General Acc. Fire & Life Assur. Corp.], 30 A D 2d 632, affd. 24 N Y 2d 937.)
The policy in question was issued in New York State to a New York State resident by an insurance company authorized to do business in the State of New York and the coverage thereby afforded by the policy, which by its definition extended to all the States of the United States, should not be limited or withdrawn arbitrarily by the carrier’s reliance on a conflicting indorsement attached to the policy, particularly when notice of such reliance is not given to the insureds with reasonable promptness' as mandated by the statute.
Furthermore, the exclusion limiting coverage to within 100 miles of the place where the vehicle is principally garaged is not one authorized by section 60.2 of the Rules and Regulations of the Superintendent of Insurance (11 NYCRR 60.2) and is therefore void as contrary to law and against public policy. (Rosado v. Eveready Ins. Co., 34 N Y 2d 43.) It cannot be the basis for disclaimer or denial of coverage, even if notice thereof were timely given.
The plaintiffs are entitled to judgment declaring:
(1) That the denial of coverage or disclaimer by the defendant was not given 11 as soon as reasonably possible ’ ’ and therefore is a nullity as time barred;
(2) That the exclusion in the policy limiting coverage to a radiufe of 100 miles from the place where the covered vehicle is principally garaged is void as contrary to law and against public policy.