■ AMERICAN HOME ASSURANCE COMPANY, Respondent-Appellant, v IRVING WEISSMAN, Appellant-Respondent. — Order of the Supreme Court, New York County, entered June 27, 1980, which denied defendant's motion for summary judgment and denied plaintiff's cross motion for the same relief, unanimously modified, on the law and the facts and in the exercise of discretion, to the

extent of granting plaintiff partial summary judgment declaring that plaintiff is required to defend the action brought against defendant by the Bartley plaintiffs and that defendant is entitled to be reimbursed for the counsel fees expended by him to date, including counsel fees incurred in this action; and holding in abeyance the balance of this action pending the outcome of the action brought against defendant by the Bartley plaintiffs, and otherwise affirmed, without costs. Defendant, an attorney, promoted a syndicate investing in second mortgages. He was a prime investor in the syndicate and, in connection therewith, he performed services usually performed by an attorney. Among those who invested in the syndicate was a group denominated as the Bartley plaintiffs. Defendant carried malpractice insurance with plaintiff. After default on a second mortgage purchased by the syndicate, the Bartley plaintiffs brought suit against defendant. The complaint contained three causes of action. One alleged malpractice while the other two were bottomed in fraud. Defendant forwarded the complaint to plaintiff, which retained a firm of attorneys to act on behalf of defendant. After issue had been joined and depositions had been taken, plaintiff disclaimed liability under its policy on two grounds; first, it asserted that the services performed by defendant for the syndicate were those of an investment advisor rather than those of an attorney; secondly, it charged a failure to co-operate, based on the contention that, in his verified answer, defendant denied, on information and belief, the allegation of the Bartley plaintiffs that he accepted employment as an attorney in connection with the specified syndicate transaction whereas in his deposition he testified that he acted as an attorney with respect thereto. Plaintiff offered to continue its defense of defendant upon condition that he agree to reimburse it in the event that it was successful in an action declaring that plaintiff had no obligation to defend and had no liability under its policy of insurance. Defendant refused to consent to the condition and this action followed. Defendant thereupon retained counsel to defend him both in the action brought by the Bartley plaintiffs and in this action. We find no merit to the claim of non-co-operation. As to the contention that the matters in the Bartley suit do not fall within the coverage of the policy, we cannot tell upon the present state of the record whether the services performed by defendant for the syndicate fell within the ambit of the coverage provided by plaintiff or whether they were services which fell to the lot of an investment advisor. The allegations of the complaint would seem to indicate, in part at least, that the acts which form the basis for the Bartley plaintiffs' suit are acts generally performed by attorneys specializing in the field of real estate. At the taking of his deposition, defendant testified that he prepared certain documents in connection with the assignment of the second mortgage in question and, in so doing, acted as an attorney. In these circumstances, we think it plain that there is, at least, a colorable claim that some of the acts with which defendant is charged fall within the ambit of the policy coverage. There is a fundamental distinction between the duty to defend and the obligation to pay under the terms of the policy. The former is much broader than the latter. So far as concerns the obligations of the insurer to defend " 'the question is not whether the injured party can maintain a cause of action against the insured, but whether he can state facts which bring the injury within the coverage. If he states such facts the policy requires the insurer to defend irrespective of the insured's ultimate liability.' " *(Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y., 297 NY 148, 154; American Home Assur. Co. v Port Auth. of N. Y. & N. J., 66 AD2d 269, 277.)* Accordingly, defendant is entitled to partial summary judgment requiring plaintiff to defend. In so holding, we do not mean to intimate that defendant is now free to select his own counsel and charge the expense

thereof to plaintiff. Plaintiff is still entitled to control the defense of the action, including the selection of counsel provided that the defense is pursued in good faith and without any endeavor to demonstrate that the policy issued by plaintiff does not afford coverage to the claim of the Bartley plaintiffs. However, since plaintiff, by its affirmative action, compelled defendant to retain counsel in the action by the Bartley plaintiffs, defendant is entitled to be compensated for legal services rendered to him from the date of retention of counsel to the date of the entry of this order, as well as for legal expenses incurred to date in the defense of this suit. A further word of caution is necessary. Since recovery, if any, in the Bartley suit may be predicated in whole or in part on acts not within the coverage of the policy issued by plaintiff to defendant, wisdom dictates that upon the trial of that action, there be special verdicts indicating the basis for recovery, if indeed, recovery is warranted. Since the outcome of the action brought by the Bartley plaintiffs will determine the issue of coverage, the balance of this action shall be held in abeyance pending the outcome of that action. Concur — Kupferman, J.P., Ross, Markewich, Bloom and Carro, JJ.