■ FOREMOST INSURANCE COMPANY, Appellant, v CONSUELO RIOS et al., Respondents, et al., Defendants. — In an action for a declaratory judgment to determine the rights and obligations of the parties under an insurance policy, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered March 13, 1981, which, after a nonjury trial, *inter alia,* dismissed the complaint. Judgment modified, on the law, by deleting the provision which dismissed the complaint, and substituting therefor a declaration that the plaintiff insurance company is required to defend and indemnify defendants Jay Vees Transportation, Inc., and Archibald Remy in connection with the underlying actions. As so modified, judgment affirmed, without costs or disbursements. In a declaratory judgment action, the court should not dismiss the complaint because the plaintiff is not entitled to the declaration

which he seeks, but, rather, should declare the rights of the parties (see *Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74). Accordingly, Special Term should have declared that the plaintiff herein (Foremost) is obligated to defend and indemnify its insureds, Jay Vees Transportation, Inc., and Archibald Remy, in connection with the underlying negligence action. In so deciding, we find that Special Term correctly determined that the plaintiff insurer issued an untimely notice of disclaimer of liability as subdivision 8 of section 167 of the Insurance Law pertinently provides: "If * * * an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." As the Court of Appeals has recently stated in *Hartford Ins. Co. v County of Nassau* (46 NY2d 1028, 1029): "A failure by the insurer to give such notice as soon as is reasonably possible after it first learns of the accident or of [the] grounds for disclaimer of liability or denial of coverage, precludes [an] effective disclaimer or denial (see *Allstate Ins. Co. v Gross,* 27 NY2d 263; *Matter of Allstate Ins. Co. [Frank],* 44 NY2d 897)." Here, the evidence indicates that plaintiff was aware of sufficient facts to assert a disclaimer based on its policy exclusions perhaps as early as May 3, 1978 (shortly after the underlying negligence action was commenced) and in no event later than September 25, 1978, almost three months *before* the notice of disclaimer was actually given (cf. *Hartford Ins. Co. v County of Nassau, supra*). Plaintiff's contention that it could not disclaim coverage until facts which would bring the accident within its policy exclusions were alleged in the amended complaint does not, in our view, excuse the delay, as the duty to disclaim pursuant to subdivision 8 of section 167 of the Insurance Law is separate and distinct from the duty to defend (cf. *Niagara County v Utica Mut. Ins. Co.,* 80 AD2d 415, 420; *Michigan Millers Mut. Ins. Co. v Christopher,* 66 AD2d 148, 151). Thus, while the plaintiff is undoubtedly correct in contending that it was contractually bound to provide a defense in the negligence action under the allegations of the *original* verified complaint (see *Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663, 669; *Green Bus Lines v Consolidated Mut. Ins. Co.,* 74 AD2d 136, 143), the foregoing in no way precluded it from tendering the statutory notice within a reasonable time after first becoming aware of the grounds for disclaiming liability or denying coverage (see *Newman v Ketani,* 54 AD2d 926; see, also, *Kasson & Keller v Centennial Ins. Co.,* 79 Misc 2d 450; 14 Couch, Insurance 2d, § 51:159). Having failed to tender the requisite notice, plaintiff's belated attempt to disclaim liability cannot be sustained (see *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, *supra*). Gulotta, J. P., Margett, Weinstein and Thompson, JJ., concur.