■ U.S. LIABILITY INSURANCE COMPANY, Appellant-Respondent, v STATEN ISLAND HOSPITAL et al., Respondents-Appellants, et al., Defendant.—In an action for a judgment declaring that the plaintiff U.S. Liability Insurance Company is not obligated to defend or indemnify the defendants Staten Island Hospital and S.I.H. Organization in a certain action brought by the defendant Stowbridge pending in the Supreme Court, Richmond County, under index Number 2271/86, the plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Richmond County (Sangiorgio, J.), entered January 13, 1989, as denied its cross motion for summary judgment and granted so much of the motion of the defendants Staten Island Hospital and S.I.H. Organization, as was for summary judgment, and the defendants Staten Island Hospital and S.I.H. Organization cross-appeal from so much of the order and judgment as denied so much of their motion as was for an award of costs and attorney's fees incurred in defending the instant declaratory judgment action.

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order and judgment is reversed insofar as

cross-appealed from, on the law, so much of the motion as was for an award of costs and attorney's fees incurred in defending this declaratory judgment action is granted, and the matter is remitted to the Supreme Court, Richmond County, for a hearing to determine the amount to be awarded; and it is further,

Ordered that the respondents-appellants are awarded one bill of costs on appeal.

On November 29, 1985, Agnes Stowbridge was injured entering the Staten Island Hospital. U.S. Liability Insurance Company, insurer of the respondents-appellants, received a copy of the complaint, which merely stated that the plaintiff broke her hip as a result of the negligence of Staten Island Hospital. The contract of insurance contained an exclusionary clause precluding coverage for "claims for injury to all Patients and Out-Patients". The endorsement defined patient as "a natural person who seeks a form of medical care provided either on an In-Patient, Out-Patient or emergency basis." The plaintiff agreed to defend but the parties executed a nonwaiver agreement. On January 7, 1987, Ms. Stowbridge was deposed and the plaintiff learned that at the time of the accident, Ms. Stowbridge was a patient within the meaning of the policy exclusion. In February 1988 the plaintiff commenced the instant action seeking a judgment declaring that it had no obligation to defend or indemnify. The respondents-appellants moved for summary judgment and the plaintiff cross-moved for summary judgment. The Supreme Court denied the cross motion and granted judgment as a matter of law in favor of the respondents-appellants. It held that the nonwaiver agreement did not absolve the insurer from defending the within action where its 13-month delay in disclaiming was unreasonable as a matter of law. Moreover, the court held that "representation by plaintiff's attorneys for such an unreasonable length of time, while plaintiff was or should have been possessed of knowledge of facts giving rise to its defense to coverage on the policy, results in an estoppel preventing plaintiff from disclaiming". Additionally, the court denied the respondents-appellants an award of costs and attorney's fees incurred in defending the instant action.

The respondents-appellants were properly granted summary judgment. Although a nonwaiver agreement may preclude the substantive defense of waiver, it has "no relevance to the [procedural] question whether the insurer has timely sent a notice of disclaimer of liability or denial of coverage" *(Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029; *Fore-*

*most Ins. Co. v Rios,* 85 AD2d 677, 678 [the duty to disclaim pursuant to Insurance Law § 167 (8), renum § 3420 (d) is separate and distinct]). It is well settled that in order to effectively deny coverage or disclaim liability pursuant to Insurance Law § 3420 (d) an insurer must "give such notice as soon as is reasonably possible after it first learns * * * of [the] grounds for disclaimer of liability or denial of coverage" *(Hartford Ins. Co. v County of Nassau, supra,* at 1029; *Farmers Fire Ins. Co. v Brighton,* 142 AD2d 547, 548). Failure to do so precludes an effective disclaimer or denial of coverage by the insurer *(Hartford Ins. Co. v County of Nassau, supra,* at 1029).

The plaintiff admits that it first learned of the grounds for disclaimer of coverage on January 7, 1987, at Ms. Stowbridge's deposition. Yet inexplicably, it did not disclaim coverage until it commenced this declaratory judgment action in February 1988. This 13-month unexplained delay is, as a matter of law, unreasonable *(see, Hartford Ins. Co. v County of Nassau, supra,* at 1029). Thus, the plaintiff will be estopped from disclaiming coverage based on an exclusion in the insurance policy *(see, Farmers Fire Ins. Co. v County of Nassau, supra,* at 548; *see also, Employers Ins. v County of Nassau,* 141 AD2d 496, 497).

The respondents-appellants contend that the trial court erred in denying it costs and attorney's fees. We agree. It is well settled that an award of costs and attorney's fees "may not be had in an affirmative action brought by an [insured] to settle its rights * * * but only when [the insured] has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations" *(Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21; *State Farm Fire & Cas. Co. v Irene S.,* 138 AD2d 589, 591). Here, the plaintiff commenced a declaratory judgment action seeking to free itself from its policy obligations. Therefore, the respondents-appellants are entitled to recover the reasonable costs and attorney's fees incurred in successfully defending this action, and the matter is remitted to the Supreme Court, Richmond County, for a hearing to determine the amount of those costs and fees. Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.