**MUTUAL SERVICE CASUALTY INSURANCE COMPANY,**
**Appellant,**

v.

**Al LUETMER, et al., Respondents.**

**No. C4–91–207.**

Court of Appeals of Minnesota.

Aug. 13, 1991.

---

Richard J. Kruger, Richard J. Kruger & Associates, St. Paul, for appellant.

Russell C. Brown, Head, Hempel, Seifert & Vander Weide, Minneapolis, for respondents.

Considered and decided by RANDALL, P.J., HUSPENI, and SCHUMACHER, JJ.

## OPINION

HUSPENI, Judge.

Mutual Service Casualty Insurance Company (MSI) appeals from a summary judgment award in favor of respondents Al Luetmer and Meire Grove Cooperative Creamery Association in which the trial court determined that MSI was obligated to pay the attorney fees of counsel which respondents selected when MSI had of-

fered to defend them under a reservation of rights. We reverse.

## FACTS

Luetmer was president of the Meire Grove Cooperative Creamery Association. Norbert Gramke was a contract hauler of milk with Meire Grove. Gramke's milk hauling route included a farm-to-creamery portion and a creamery-to-subsequent-processor portion. Gramke sold the farm-to-creamery portion of his route to James Schmiesing. In 1988, the subsequent processor decided there would be no second handling of the milk, and the milk should be delivered from the farm directly to the processor in order to maintain its status as Grade A milk. Meire Grove then terminated Gramke's farm-to-creamery route contract, and Schmiesing kept the farm-to-subsequent-processor portion.

Gramke sued Meire Grove, alleging a conspiracy to deprive him of his ownership interest in the routes (the first lawsuit). Gramke alleged that the route he drove was a property right which he owned and that Meire Grove's termination of his contract deprived him of his property rights. Meire Grove tendered defense of this lawsuit to MSI, which denied coverage on the ground that there was no bodily injury or property damage as defined by the insurance policy. The defendants in this first lawsuit were represented by Russell Brown, attorney for the respondents here. This lawsuit was eventually dismissed for failure to state a claim.

While the first lawsuit was pending, Gramke commenced a slander action against Luetmer which arose from the same general facts as the first lawsuit and in which Gramke claimed Luetmer accused him of being dishonest. Defense of the second lawsuit was tendered to MSI, which agreed to undertake the defense pursuant to a reservation of rights. MSI informed Brown it had retained Gordon Hansmeier to represent Luetmer in the slander lawsuit.

The letter from MSI to Hansmeier confirming Hansmeier's representation of Luetmer was presented to the trial court. In

the letter, MSI's claims representative wrote,

> Please keep me informed of all major developments in this case. All discovery to be initiated by you should be reviewed with me prior to initiation. Please advise me of all discovery initiated by any other party at the time you receive it. I will assume responsibility for communicating my comments to you on a timely basis. I would also like to receive copies of all pleadings and motions served.
>
> \* \* \* \* \* \*
>
> I should point out that we are defending this matter under a Reservation of Rights. We have retained attorney Rick Kruger to handle a Declaratory Relief Action on behalf of [MSI].

Meire Grove and Luetmer also learned that Hansmeier had represented MSI in a coverage dispute in an earlier unrelated matter.

Brown informed MSI that, by a decision of the board of directors of Meire Grove, Hansmeier was unacceptable as defense counsel. Meire Grove wanted Brown to continue to provide Luetmer's defense of the second action. In response, MSI informed Brown it was willing to permit him to remain as defense counsel at the expense of Luetmer and Meire Grove, but MSI would not pay Brown to defend. MSI insisted on having Hansmeier associate on the case, and MSI indicated it would pay only Hansmeier's fees. MSI insisted it must be allowed to select counsel to defend the case or it would deny coverage.

In response, Brown stated that in Meire Grove's opinion, MSI's reservation of rights and its initiation of a declaratory judgment action constituted a denial of coverage. Brown and Meire Grove disagreed with MSI's position that MSI had the right to select counsel to defend. MSI subsequently denied coverage.

MSI commenced the present action seeking a determination that it had no duty to defend or indemnify Luetmer in connection with the second lawsuit. Luetmer and Meire Grove counterclaimed, seeking a determination that MSI was obligated to provide a defense in both lawsuits and, by reason of MSI's failure to provide defenses, MSI was obligated to reimburse Meire Grove for Brown's attorney fees expended in connection with both lawsuits. In their counterclaim, Luetmer and Meire Grove also sought a determination that MSI was obligated to indemnify them in both lawsuits.

Luetmer and Meire Grove moved for summary judgment on all issues. The trial court denied summary judgment in part, determining, as to the first lawsuit, that the complaint did not allege property damage as that term is defined in the MSI insurance policy and MSI was not obligated to provide a defense or indemnity in the first lawsuit. The trial court found MSI did have a duty to defend in the second lawsuit, Luetmer and Meire Grove did not violate their duty to cooperate with respect to the second lawsuit, and Luetmer and Meire Grove were entitled to damages for expenses, including attorney fees, incurred in defending the second lawsuit. Finally, the trial court held that questions of fact existed regarding the coverage issue in the second lawsuit.

Subsequently, the second lawsuit was settled, and MSI was notified of the settlement. Luetmer and Meire Grove demanded that MSI reimburse them for all their legal costs, including attorney fees. The settlement in the second suit did not call for any payment to Gramke; thus the coverage issue was rendered moot. Based on the settlement, Luetmer and Meire Grove moved for summary judgment and entry of final judgment on those issues previously resolved in their favor. The trial court granted this motion, and MSI has appealed.

## ISSUE

Did the trial court err in determining MSI is obligated to pay the attorney fees of counsel selected by its insured when MSI had offered to defend under a reservation of rights?

## ANALYSIS

### 1. *Standard of Review*

Summary judgment is appropriate when there is no genuine issue as to any material

fact and either party is entitled to a judgment as a matter of law. Minn.R.Civ.P. 56.03. On appeal from summary judgment, the reviewing court must determine whether there are material issues of fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

### 2. *Duty to Defend*

 It is well established that an insurer's duty to defend its insured arises when any part of the claim against the insured is arguably within the scope of coverage afforded by the policy. *Brown v. State Auto. & Casualty Underwriters*, 293 N.W.2d 822, 825–26 (Minn.1980). If the complaint against the insured includes multiple claims, and one of the claims, if proved, would require the insurer to indemnify, the insurer must defend against all claims. *United States Fidelity & Guar. Co. v. Louis A. Roser Co.*, 585 F.2d 932, 936 (8th Cir.1978). If an insurer, with full knowledge of the facts of a claim, defends its insured without reserving its right to deny coverage, the insurer may be estopped later to deny coverage. *See Peterson v. Maloney*, 181 Minn. 437, 442–43, 232 N.W. 790, 792 (1930).

Problems can arise when an insurer defends under a reservation of rights. While the insured seeks to avoid liability on all claims and the insurer shares that desire, the insurer has an additional interest that if liability is found, that it be found on claims for which there is no coverage. Some courts find that this duality of interests creates a conflict. *See New York State Urban Dev. Corp. v. VSL Corp.*, 738 F.2d 61, 65 (2d Cir.1984); *American Home Assurance Co. v. Weissman*, 79 A.D.2d 923, 924–25, 434 N.Y.S.2d 410, 412 (1981).

A further concern is that counsel selected by the insurer will have a compelling interest in protecting the rights of the insurer rather than the rights of the insured because of counsel's closer ties with the insurer. *See Bogard v. Employers Casualty Co.*, 164 Cal.App.3d 602, 609, 210 Cal. Rptr. 578, 582 (1985). The majority view appears to be that the long-standing ties between defense counsel and the insurance industry will influence the conduct of the case by the insurer's selected counsel. *See* Berg, "Losing Control of the Defense—The Insured's Right to Select His Own Counsel," *For the Defense,* July 1984, at 10. To alleviate this concern, some states allow the insured to select defense counsel; the insurer must pay the reasonable fees of the insured's selected counsel. The rule is based on the idea that an attorney who looks out for the insured's interests rather than the insurer's interests will never work for the insurer again. *San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, 162 Cal.App.3d 358, 364, 208 Cal.Rptr. 494, 497–98 (1984).

In contrast, some courts disagree with the assumption that a conflict of interest arises when an insurer defends under a reservation of rights. The Washington Supreme Court has held that an insurance company's duty of good faith to its insured requires the insurer to give "equal consideration in all matters to the insured's interests" and to its own. *Tank v. State Farm Fire & Casualty Co.*, 105 Wash.2d 381, 385–86, 715 P.2d 1133, 1136 (1986). The Washington Court of Appeals has held that this obligation applies whether the insurer is defending under a reservation of rights or not. *See Weber v. Biddle*, 4 Wash.App. 519, 524, 483 P.2d 155, 159 (1971), *quoted in Tank*, 105 Wash.2d at 387, 715 P.2d at 1137 ("A reservation of rights agreement is not a license for an insurer to conduct the defense of an action in a manner other than [the manner in which] it would normally be required to defend. The basic obligations of the insurer to the insured remain in effect.").

 Minnesota has never adopted the extreme position taken by the *Bogard* and *Cumis* courts, and we decline to do so here. We believe the more reasoned approach to be that before an insured will be entitled to counsel of its own choice, an actual conflict of interest, rather than an appearance of a conflict of interest, must be established. A conflict of interest will not be established simply by showing that the insurer wished

to remain fully informed of the progress of the litigation in the main action while also litigating a declaratory judgment action.

■ The Minnesota Supreme Court has repeatedly advised the use of a declaratory judgment action in a reservation of rights situation. *See Jostens, Inc. v. Mission Ins. Co.*, 387 N.W.2d 161, 166 (Minn.1986); *Grain Dealers Mut. Ins. Co. v. Cady*, 318 N.W.2d 247, 249 n. 3 (Minn.1982); *Miller v. Shugart*, 316 N.W.2d 729, 733 & n. 3 (Minn. 1982); *Prahm v. Rupp Constr. Co.*, 277 N.W.2d 389, 391 n. 2 (Minn.1979); *Farmers Ins. Exchange v. Sipple*, 255 N.W.2d 373, 374 n. 1 (Minn.1977); *Newcomb v. Meiss*, 263 Minn. 315, 322, 116 N.W.2d 593, 598 (1962). Clearly, if the insurer seeks a declaratory judgment, it should provide its insured with separate counsel. *See Miller*, 316 N.W.2d at 733; *see also Hawkeye Casualty Co. v. Stoker*, 154 Neb. 466, 480–81, 48 N.W.2d 623, 632 (1951) (when an attorney, whom insurer hired to represent insureds in main action, instituted insurer's declaratory judgment action against them, insureds properly discharged attorney and retained another): In the present case, appellant followed the procedure stressed in these cases.

■ Respondents rely on *Prahm*, 277 N.W.2d at 391, to support their argument that they are entitled to select independent counsel because appellant has chosen to defend under a reservation of rights. Respondents' reliance on *Prahm* is misplaced. The full holding of *Prahm* is not that the insured is entitled to select defense counsel any time an insurer defends under a reservation of rights. Rather, *Prahm* holds the insurer should bring a declaratory judgment action in order to prevent the conflict of interest that may arise by going to trial with unresolved coverage issues. *Id.* The *Prahm* court, in fact, recognized in a footnote that the bringing of a declaratory judgment action, such as appellant did here, would avoid the conflict of interest which respondents would have us find.[1]

We recognize that MSI's letter could be read to create an appearance that MSI would use information from the main action to assist its position in the declaratory judgment action. However, the determinative issue must be what effect the letter actually had in this case.

■ We believe the trial court erred in finding a conflict of interest on the facts of this case: Hansmeier's prior representation of MSI in a declaratory judgment action, MSI's intended involvement in the litigation of the main action and MSI's insistence on selecting defense counsel.[2] A finding of conflict of interest must rest on more substantial evidence, such as actions which demonstrate a greater concern for MSI's interests than respondents' interests. No such actions are present here.

The underlying litigation in this matter provided almost no opportunity for manipulation of liability toward non-covered claims. That litigation has been settled. There is no dispute about the facts, nor is there a claim that additional facts may become known. Therefore, the record would not support a remand to give respondents an opportunity to present additional evidence tending to establish an actual conflict of interest.

## DECISION

The undisputed facts do not demonstrate a conflict of interest between the insured and counsel selected by the insurer. Therefore, the trial court erred in awarding judgment in favor of respondents for attorney fees of independent counsel which they selected.

Reversed.

---

1. Footnote two reads: "Such a conflict need not occur if the insured [sic] brings a declaratory judgment action prior to trial." *Prahm*, 277 N.W.2d at 391 n. 2.

2. Respondents do not contend that Hansmeier would treat MSI rather than respondents as his clients. Instead, respondents focus on the conditions MSI sought to place on Hansmeier's representation of respondents.