WEST AMERICAN INSURANCE
COMPANY, Plaintiff,

v.

MOONLIGHT DESIGN,
INC., Defendant.

No. 98 C 5206.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 4, 2000.

Robert Marc Chemers, Daniel Gene Wills, Amy E. Johnson, Pretzel & Stouffer, Chtd., Chicago, IL for plaintiff.

Patrick Joseph O'Connor, Law Office of Patrick J. O'Connor, Chicago, IL, George F. Carpinello, Philip J. Iovieno, Barrett, Gravante, Carpinello & Stern, LLP, Albany, NY, for defendant.

## MEMORANDUM OPINION AND ORDER

MORAN, Senior District Judge.

Plaintiff was the insurer of defendant. It brought a declaratory action against defendant, disclaiming coverage or a duty to defend. It ultimately funded a settlement of the underlying lawsuit and the coverage dispute, in which it seeks recovery of the settlement amount, remains pending. We ruled, however, on January 31, 2000, that plaintiff did have a duty to defend. Defendant now seeks recovery of its attorneys' fees in the underlying action and in this declaratory judgment action. Plaintiff as counterdefendant against the claim for attorneys' fees in this action now moves *in limine* to bar defendant from presenting evidence regarding attorneys' fees incurring here, claiming that defendant is not entitled to such fees.

The answer is governed by New York law, and the New York cases are in disarray, primarily, we think, because of a failure to distinguish among several typical

scenarios. The lead case is *Mighty Midgets, Inc. v. Centennial Insurance Co.,* 47 N.Y.2d 12, 389 N.E.2d 1080, 416 N.Y.S.2d 559 (1979). If nothing else, that case stands for the proposition that if an insurer fails to provide a defense in breach of its duty to defend and forces an insured to incur attorney expenses to defend against a declaratory judgment to disclaim coverage and any duty to defend, the insured can recover those expenses. But what if the insurer provides a defense under a reservation of rights and it is the insurer who initiates the action for a declaration that the insured is obligated to defend? We think *Mighty Midgets* suggests that fees cannot be recovered. "It is the rule in New York that such a recovery may not be had in an affirmative action brought by an assured to settle its rights ... but only when he has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations." *Id.* at 21, 416 N.Y.S.2d 559, 389 N.E.2d 1080. The insured may prevail in the underlying action or the case may settle, or the insurer may change its position, and in any of those circumstances the matter may terminate without any further effort by the insurer to challenge any obligation to pay defense costs. Plaintiff here suggests that defendant's counterclaim is "offensive" in that context, and that view has some support, *e.g., U.S. Underwriters Insurance Co. v. Weatherization, Inc.,* 21 F.Supp.2d 318, 327–28 (S.D.N.Y.1998). We believe, though, that Judge Pollack got it right in *Commercial Union Insurance Co. v. International Flavors & Fragrances, Inc.,* 639 F.Supp. 1401, 1402 (S.D.N.Y.1986), when he distinguished between a counterclaim that is the mirror image of the declaratory judgment claim and therefore defensive and a counterclaim seeking broader relief. Here the counterclaim is, in that sense, merely defensive.

■ But that does not end the matter. As we have previously noted, the duty to defend is more expansive than the duty to indemnify. If the insurer sues to disclaim coverage while it recognizes its duty to defend and provides a defense, the insured cannot recover its resultant legal expense. *Sukup v. State,* 19 N.Y.2d 519, 522–23, 227 N.E.2d 842, 281 N.Y.S.2d 28 (1967). At the other end of the spectrum is the insurer who sues to disclaim both coverage and a duty to defend, and refuses to defend. But what if the insurer sues to disclaim both coverage and a duty to defend, and at the same time provides a full defense, subject to possible future reimbursement? *Mighty Midgets* leaves it unclear whether or not the insurer provided a defense, and the New York lower courts and the federal courts are divided on the issue of whether the right of the insured to recover fees arises from a breach of the duty to defend or from the insured being forced to defend against a disclaimer of an obligation to defend even though a defense is being or was provided.

Some courts have read *Mighty Midgets* to permit recovery whenever the insured has had to defend, and successfully so, against the insurer's efforts to disclaim any duty to defend even though a defense was provided, *U.S. Fidelity and Guaranty Co. v. New York, Susquehanna & Western Rwy. Corp.,* 2000 WL 1708813 (N.Y.A.D. 4 Dept. Nov.13, 2000); *Mohawk Minden Insurance Co. v. Ferry,* 251 A.D.2d 846, 674 N.Y.S.2d 512 (N.Y.A.D. 3 Dept.1998); *U.S. Underwriters Insurance Co. v. Mesiftah Eitz Chaim of Bobov,* 210 A.D.2d 218, 620 N.Y.S.2d 5 (N.Y.A.D. 2 Dept.1994), or without consideration of whether a defense was provided, *GA Insurance Co. v. Naimberg Realty Assoc.,* 233 A.D.2d 363, 650 N.Y.S.2d 246 (N.Y.A.D. 2 Dept.1996); *Illusion Hair Designers, Inc. v. Commercial Union Insurance Companies,* 181 A.D.2d 527, 581 N.Y.S.2d 312 (N.Y.A.D. 1 Dept. 1992); *U.S. Liability Insurance Co. v. Staten Island Hospital,* 162 A.D.2d 445, 556 N.Y.S.2d 153 (N.Y.A.D. 2 Dept.1990); *Glens Falls Insurance Co. v. United States Fire Insurance Co.,* 41 A.D.2d 869, 342 N.Y.S.2d 624 (N.Y.A.D. 3 Dept.1973). Other courts have focused on a violation of the duty to defend, *Mount Vernon Fire Insurance Co. v. Congregation Kehilath Yakov, Inc.,* 1999 WL 1072484, at *2 (S.D.N.Y. Nov.29, 1999); *U.S. Underwrit-*

*ers Insurance Co. v. TNP Trucking, Inc.,* 44 F.Supp.2d 489, 493 (E.D.N.Y.1999); *Great Northern Insurance Co. v. Dayco Corp.,* 637 F.Supp. 765, 787 (S.D.N.Y. 1986); *American Motorists Insurance Co. v. E.R. Squibb & Sons, Inc.,* 95 Misc.2d 222, 406 N.Y.S.2d 658 (N.Y.Sup.1978). *See also Safeguard Insurance Co. v. Angel Guardian Home,* 946 F.Supp. 221, 233 (E.D.N.Y.1996) and *American Home Assurance Co. v. Weissman,* 79 A.D.2d 923, 434 N.Y.S.2d 410 (N.Y.A.D. 1 Dept.1981), where more complicated factual situations appeared to play a role, and *Employers Mutual Casualty Co. v. Key Pharmaceuticals,* 75 F.3d 815, 824 (2d Cir.1996), where the duty to defend was not implicated.

We do not, for now, choose sides. We are left with considerable uncertainty as to whether plaintiff did, in fact, fulfill its obligation to defend. The insurer permitting the insured to select counsel is no breach; commercial insureds would normally prefer to do so. But that presupposes that the insurer has paid reasonable fees to those attorneys in a reasonably current fashion, and that, we think remains in doubt. We deny for now the motion *in limine* and set the matter for a status on December 19, 2000, at 9:45 a.m.