Robin COWAN, Cary L. Cowan, Plaintiffs–Counter–Defendants,

v.

Ernest CODELIA, P.C., William Tauber, Peter Shipman, Ernest Codelia, Defendants–Third–Pa rty-Plaintiffs-Counter-Claimants-Appellants,

United States of America, Intervenor–
Defendant,

Chicago Insurance Company, Third–
Party–Defendant–Appellee.

Docket No. 02–6035.

United States Court of Appeals,
Second Circuit.

Nov. 1, 2002.

Roberto Lebron, Roberto Lebron & Associates, P.C., Bronx, NY, for Appellants.

Steven A. Coploff, Steinberg & Cavaliere, L.L.P., White Plains, NY, for Appellee.

Present JON O. NEWMAN and
ROSEMARY S. POOLER, Circuit Judges,
and BARBARA S. JONES, District
Judge.[*]

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is **AFFIRMED.**

Ernest Codelia, P.C., et al. (collectively, "Codelia") appeals the January 18, 2002, judgment of the United States District Court for the Southern District of New York (James C. Francis, IV, Magistrate Judge) awarding it $97,623 in legal fees and costs in its lawsuit against Chicago Insurance Company. Chicago Insurance sold a professional liability policy to Code-

lia. In 1998, Codelia was sued for violating the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, and intentional infliction of emotional distress. Chicago Insurance denied Codelia's timely request for coverage, and Codelia in September 1998 began a third-party lawsuit against its insurer for defense and indemnity. In November 1999, the district court (John G. Koeltl, Judge) issued an opinion and order holding that Chicago Insurance had a duty to defend Codelia but not reaching the indemnity issue. In October 2001, the underlying lawsuit settled. The parties to this coverage lawsuit then litigated before the magistrate judge the amount of legal fees and indemnification Chicago Insurance owed Codelia. The proceedings included two hearings regarding Codelia's lawyers' fees and the parties' attempt to settle the underlying lawsuit in March 2000. By orders dated January 12, 2001, March 22, 2001, and February 6, 2002, the district court ruled that (1) Codelia was not entitled to fees associated with its third-party lawsuit; (2) a cap of $45,000 applied to expenses incurred after March 23, 2000, because Codelia rejected a proposed settlement in the underlying lawsuit; and (3) Codelia's request for fees incurred before March 23, 2000, was excessive. Codelia now appeals.

Codelia contends that it was entitled to fees incurred in connection with its lawsuit against its insurer because Chicago Insurance acted in bad faith when it disclaimed coverage of the underlying lawsuit. The general rule in New York is that "an insured cannot recover his legal expenses in a controversy with a carrier over coverage, even though the carrier loses the controversy and is held responsible for the risk." *Sukup v. State of New York,* 19 N.Y.2d

---

[*] The Honorable Barbara S. Jones, United States District Judge for the Southern District of New York, sitting by designation.

519, 281 N.Y.S.2d 28, 31, 227 N.E.2d 842 (1967); *see also Mighty Midgets, Inc. v. Centennial Ins. Co.,* 47 N.Y.2d 12, 416 N.Y.S.2d 559, 564, 389 N.E.2d 1080 (1979). In order to recover its expenses, Codelia had to make "a showing of such bad faith in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it." *Sukup,* 281 N.Y.S.2d at 31, 227 N.E.2d 842. Codelia urges a bad faith standard of "whether the insurer grossly disregarded the insured's interest." Under either articulation, Codelia failed to make the required showing because Chicago Insurance had an arguable case for denying coverage. As Magistrate Judge Francis correctly noted, the underlying lawsuit was not a typical malpractice lawsuit. Chicago Insurance's arguments against coverage merited—and received—consideration. Judge Koeltl in his November 1999 ruling delved into the underlying complaint, held that reckless conduct could be a species of negligence within the policy, acknowledged ambiguities in the DPPA and policy definition of "bodily injury," and noted that intentional acts may result in unintended injuries within the policy's coverage. Chicago Insurance's initial denial of coverage was not in bad faith, and Codelia is not entitled to legal fees for its declaratory judgment lawsuit.

Codelia next argues that it was error for the magistrate judge to impose a cut-off date and cap for its monetary recovery. According to appellant, because Chicago Insurance initially disclaimed coverage, the terms of the insurance policy, such as the insured's duty to cooperate and the consent-to-settle clause, have no effect. We disagree. When the district court ordered Chicago Insurance to defend the underlying lawsuit, it clearly did so within the context of the insurance policy. *See American Home Assurance Co. v. Weissman,* 79 A.D.2d 923, 434 N.Y.S.2d

410, 412 (1st Dep't 1981) (holding that insurer had duty to defend underlying lawsuit and still was entitled to control defense of the lawsuit). Codelia improperly relies on the rule that an insured is excused from its obligations under the policy where the insurer repudiates liability. *See American Ref–Fuel Co. v. Resource Recycling, Inc.,* 281 A.D.2d 573, 722 N.Y.S.2d 570, 571 (2d Dep't 2001). Once Chicago Insurance received the district court's order to defend the underlying lawsuit, it did not repudiate the contract. The district court properly limited Chicago Insurance's liability to $45,000 because Codelia rejected a proposed settlement. Codelia claims that plaintiffs, not it, rejected the settlement. Recognizing this factual dispute, the district court conducted an evidentiary hearing regarding the parties' settlement discussions and found that Codelia's "phantom objections" and "illusory" complaints about the settlement were the equivalent of a rejection. Although the district court's capping determination rested primarily on its finding that Codelia's actions satisfied the three-prong test set forth in *Pawtucket Mut. Ins. Co. v. Soler,* 184 A.D.2d 498, 584 N.Y.S.2d 192, 193 (2d Dep't 1992), for determining when a cooperation clause has been violated, the ruling appears to draw some support from the insurer's limitation of liability arising from the consent-to-settle clause. After examining the record, we see no clear error in the district court's conclusion. We also reject Codelia's contention that its right to choose its own counsel supplanted the effect of the consent-to-settle clause, particularly where Chicago Insurance pursued a settlement in good faith. *See Weissman,* 434 N.Y.S.2d at 412.

Finally, the district court did not abuse its discretion in its award of legal fees. Contrary to Codelia's contention, appellant

was entitled to only the "reasonable" value of its counsel's services prior to the March 23, 2000, cut-off date and not an automatic payment of counsel's fee request. *U.S. Underwriters Ins. Co. v. Weatherization, Inc.,* 21 F.Supp.2d 318, 326 (S.D.N.Y.1998); *American Mut. Ins. Co. v. Klein,* 84 Misc.2d 1064, 379 N.Y.S.2d 234, 240 (Sup. Ct.1975). The district court here properly exercised its authority "to supervise the charging of fees for legal services" by conducting an evidentiary hearing and examining exhaustive submissions on the topic. *First Nat'l Bank of East Islip v. Brower,* 42 N.Y.2d 471, 398 N.Y.S.2d 875, 876, 368 N.E.2d 1240 (1977). Although Codelia contends that the district court relied exclusively on a lodestar calculation appropriate for fee-shifting determinations, the cases cited by the district court demonstrate that it understood that fees were being awarded as damages, and the court's calculations demonstrate that the lodestar method was only an aid in the overall determination of the reasonableness of the fees to be awarded. Finding no error, we uphold the district court's award.

We have considered all of appellants' remaining arguments and find them to be without merit.