# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A25-1640

Fabyanske Westra Hart & Thomson PA,
Appellant,

vs.

Western National Mutual Insurance Company,
Respondent.

**Filed June 1, 2026**
**Reversed and remanded**
**Larson, Judge**

Hennepin County District Court
File No. 27-CV-23-18228

Alexander B. Athmann, Lucas T. Clayton, Elise R. Radaj, Fabyanske, Westra, Hart & Thomson, PA, Minneapolis, Minnesota (for appellant)

Patrick H. O'Neill, III, Larson • King, LLP, St. Paul, Minnesota (for respondent)

Considered and decided by Schmidt, Presiding Judge; Wheelock, Judge; and Larson, Judge.

## SYLLABUS

A conflict of interest entitling an insured to independent counsel exists when the insurer defends under a reservation of rights and the facts to be determined in the underlying action are the same facts upon which coverage depends.

## OPINION

**LARSON**, Judge

This action arises following a tragic motorcycle accident that occurred in a construction zone. The accident killed a man (husband) and left his wife (wife) severely

injured. Wife sued the general contractor and a subcontractor, alleging that both negligently maintained the road. Subcontractor had a commercial general liability insurance policy that respondent Western National Mutual Insurance Company (Western) issued. As an additional insured under the insurance policy, general contractor tendered its defense of wife's claims to Western.

Western agreed to defend general contractor subject to a reservation of rights. The reservation of rights stated that Western would only indemnify general contractor for claims in which general contractor was found vicariously liable for the acts or omissions of subcontractor. Late in the litigation, general contractor objected to the reservation of rights. General contractor also stated that the reservation of rights created a conflict of interest between Western and general contractor, and asserted that, if Western did not withdraw the reservation of rights, general contractor was entitled to hire independent counsel[1] at Western's expense. Western disagreed, but general contractor proceeded to hire appellant Fabyanske, Westra, Hart & Thomson, P.A. (Fabyanske) to oversee its defense.

After the underlying action settled, Fabyanske sent an invoice to Western for the fees it incurred representing general contractor. Western refused to pay the attorney fees. Fabyanske commenced this action, alleging an actual conflict of interest existed between general contractor and Western such that general contractor was entitled to hire Fabyanske

---

[1] The phrase "independent counsel" refers to the counsel an insured chooses when insured has a right to retain counsel independent of the insurer based on a conflict of interest between the insurer and insured. *See* 1 Allan D. Windt, Ins. Claims and Disp. § 4.20 (6th ed. 2025).

as independent counsel at Western's expense. The district court disagreed and granted Western's motion for summary judgment.

On appeal, we conclude the district court erred when it granted summary judgment because Western's reservation of rights and the facts to be litigated in the underlying action created an actual conflict of interest between Western and general contractor. Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.

**FACTS**

The following facts are relevant to the disposition of this case, and we view those facts in the light most favorable to Fabyanske as the nonmoving party. *See Henson v. Uptown Drink, LLC*, 922 N.W.2d 185, 190 (Minn. 2019) (quotation omitted).

In October 2019, husband and wife were riding on a motorcycle in a construction zone near Worthington, Minnesota. The motorcycle hit a depression in the road, causing it to crash. The crash killed husband and severely injured wife. In April 2022, wife sued both the general contractor and a subcontractor for the road-construction project, alleging that their negligence caused husband's death (the underlying action).

Subcontractor maintained a commercial general liability insurance policy through its insurer, Western (the policy). Under the subcontract agreement, general contractor was an additional insured. After wife commenced the underlying action, general contractor answered the complaint and asserted crossclaims against subcontractor for indemnity and contribution. Shortly thereafter, general contractor tendered its defense to Western, as an additional insured under the policy.

3

In May 2022, Western agreed to defend general contractor subject to a reservation of rights. Under the reservation of rights, Western stated that general contractor was "an additional insured, however, only for liability caused, in whole or in part, by [subcontractor's] acts or omissions. . . . To the extent that [general contractor] face[d] liability for its own negligence . . . such liability would not be covered by the additional insured endorsement." In short, Western's reservation of rights stated that Western would not indemnify general contractor for general contractor's own negligence.

Western assigned separate claims handlers and appointed separate counsel to defend general contractor and subcontractor in the underlying action. The attorney Western appointed to represent general contractor (appointed counsel) conducted discovery, interviewed witnesses, and retained experts. About one year into the litigation, general contractor expressed concerns about the quality of appointed counsel's work.

Thereafter, general contractor asked Fabyanske to review its coverage under the policy and Western's reservation of rights. In June 2023, Fabyanske sent Western a letter on general contractor's behalf objecting to the reservation of rights. Fabyanske asserted that, under the policy, Western had to indemnify general contractor for all liability arising from the underlying action. Fabyanske further asserted that general contractor was entitled to hire independent counsel, at Western's expense, if Western did not withdraw the reservation of rights because "there would be a clear conflict of interest."

Western responded, refusing to withdraw its reservation of rights and stating that general contractor was not entitled to hire independent counsel at Western's expense because the reservation of rights did not create "an actual conflict of interest." Fabyanske

4

responded to Western's refusal, reiterating its position that Western's reservation of rights created a conflict of interest. Fabyanske notified Western that it intended to file a notice of appearance in the underlying action to monitor appointed counsel's defense; however, given the late stage of litigation, Fabyanske indicated that it would not fully replace appointed counsel. Thus, appointed counsel continued to represent general contractor.

Fabyanske filed a notice of appearance in the underlying action on the same day general contractor and subcontractor filed their motions for summary judgment on wife's claims. Subcontractor also sought summary judgment on general contractor's crossclaims. Without discussing the issue with general contractor or Fabyanske, appointed counsel elected not to oppose subcontractor's motion for summary judgment on general contractor's crossclaims. Wife subsequently dismissed her claims against subcontractor, leaving only wife's claims against general contractor and general contractor's crossclaims against subcontractor. Thereafter, the district court granted subcontractor's motion for summary judgment on the crossclaims because it was unopposed. The underlying action between general contractor and wife ultimately settled.

Following the settlement, Fabyanske sent an invoice to Western for the fees it incurred representing general contractor in the underlying action. Western refused to pay the invoice. General contractor then assigned Fabyanske its right to receive payment from Western for Fabyanske's fees associated with the underlying action. Fabyanske commenced this action against Western for payment of fees.

Western moved for judgment on the pleadings under Minn. R. Civ. P. 12.03, and the district court denied Western's motion. Then, after discovery, Western moved for

summary judgment under Minn. R. Civ. P. 56.01,[2] arguing that Fabyanske had no claim

for reimbursement because there was no evidence of an actual conflict of interest.[3] The

district court granted Western's motion for summary judgment on the basis that Fabyanske

failed to raise a genuine issue of material fact regarding the existence of an "actual" conflict

of interest between general contractor and Western.

Fabyanske appeals.

## ISSUE

Did the district court err when it granted summary judgment in Western's favor on

the basis that there was no genuine issue of material fact that an "actual" conflict of interest

existed between general contractor and Western?

## ANALYSIS

Fabyanske challenges the district court's decision to grant Western's motion for

summary judgment. We review a district court's decision to grant summary judgment

de novo. *City of Waconia v. Dock*, 961 N.W.2d 220, 229 (Minn. 2021). In doing so, we

"examine whether there [are] any genuine issues of material fact and whether the district

court erred in its application of the law." *Kenneh v. Homeward Bound, Inc.*, 944 N.W.2d

222, 228 (Minn. 2020). We view the evidence in the light most favorable to the nonmoving

party and resolve all doubts and factual inferences against the moving party. *See Henson*,

---

[2] Fabyanske did not file a dispositive motion.
[3] Western also argued that Fabyanske was not entitled to payment of attorney fees because the assignment of general contractor's rights was invalid. The district court rejected this argument, and Western does not challenge that decision on appeal.

922 N.W.2d at 190. If "reasonable persons might draw different legal conclusions from the evidence presented, summary judgment must be denied." *Kenneh*, 944 N.W.2d at 228.

We begin with some background. Liability insurers have a duty to defend their insureds "when any part of the claim against the insured is arguably within the scope of coverage afforded by the policy." *Mut. Serv. Cas. Ins. Co. v. Luetmer*, 474 N.W.2d 365, 368 (Minn. App. 1991). "When an insurer has a duty to defend a liability claim for which it questions coverage, the insurer must expressly inform its insured that it accepts defense of the claim subject to its right to later contest coverage of the claim based on facts developed at trial." *Remodeling Dimensions, Inc. v. Integrity Mut. Ins. Co.*, 819 N.W.2d 602, 616 (Minn. 2012). This is called a reservation of rights. *See id.* "If an insurer, with full knowledge of the facts of a claim, defends its insured without" a reservation of rights, "the insurer may be estopped later to deny coverage." *Luetmer*, 474 N.W.2d at 368.

But an insurer's decision to tender a reservation of rights can create an actual conflict of interest between the insurer and the insured. *See id.* When such a conflict of interest exists, the insurer's duty to defend "transforms" into a "duty to reimburse [the insured] for reasonable attorney[] fees incurred in defending the lawsuit." *Prahm v. Rupp Constr. Co.*, 277 N.W.2d 389, 391 (Minn. 1979). In such a circumstance, the insured has the right to select independent counsel. *See id.*

Here, Fabyanske asserts that an actual conflict of interest existed between Western and general contractor that transformed Western's duty to defend into a duty to reimburse. Specifically, Fabyanske asserts that Western's reservation of rights created an actual conflict of interest because a fact to be determined in the underlying action—whether

7

general contractor was negligent—was the same fact upon which Western reserved the right to deny coverage. In other words, according to Fabyanske, an actual conflict of interest existed because it was to Western's advantage if general contractor was deemed negligent as opposed to vicariously liable for subcontractor's negligence. Three Minnesota Supreme Court cases are instructive on whether this situation creates a conflict of interest.

First, in *Prahm*, an insured tendered defense of a property-damage lawsuit to its insurer. 277 N.W.2d at 390. The insurer denied coverage and refused to defend the insured, citing two exclusions under the policy. *Id.* The insured impleaded the insurer into the lawsuit over the coverage dispute. *Id.* On appeal, the supreme court determined that, under the policy, the insurer had a duty to defend. *Id.* at 391. However, the supreme court concluded that a conflict of interest existed between the insurer and the insured "because [the insurer] would be required to take opposing positions at trial to defend [the insured] against plaintiffs' claim and, at the same time, to defend itself on the coverage question." *Id.* For example, because of the insurer's coverage position, the insurer would have to make opposing arguments—in the underlying action and the coverage dispute—regarding whether the insured had "dominion or control" over the property at the time it was damaged. *Id.* Consequently, the supreme court held the insurer's duty to defend was "transform[ed]" into a "duty to reimburse," and the insured had the right to select independent counsel. *Id.*

Second, in *Grain Dealers Mutual Insurance Co. v. Cady*, the insured tendered defense of a lawsuit to the insurer. 318 N.W.2d 247, 249 (Minn. 1982). Thereafter, the insurer commenced a declaratory judgment action against the insured, alleging there was

8

no coverage because the insured was engaged in a joint venture—not a joint enterprise.[4]
*Id.* at 249-50. In the interim, the district court ordered the insurer "to pay attorney[] fees and expenses for an independent law firm to defend [the insured] in the" underlying action. *Id.* at 251. On appeal, the insurer argued the district court erroneously concluded that the insurer had a duty to reimburse the insured in the underlying action "prior to the determination of the coverage question." *Id.* The supreme court disagreed, noting the insurer had a duty to defend in the underlying lawsuit until the coverage dispute was resolved. *Id.* And citing *Prahm*, the supreme court concluded that the insurer's duty to defend had transformed into a duty to reimburse because the coverage and liability questions created a conflict of interest. *Id.* Specifically, based on the insurer's coverage position, the insurer would benefit if—in the underlying action—the insured was found to have participated in a joint venture; whereas, the insured would benefit if it was found to have participated in a joint enterprise. *Id.* at 249-50.

Third, in *Jostens*, the supreme court addressed an insurer's duty to defend in the context of overlapping coverage. 387 N.W.2d at 165-66. Ultimately, the supreme court determined that, under the facts in the case, two insurers had a duty to defend. *Id.* at 167. But in reaching that decision, the supreme court noted that one of the insurers had offered to defend the insured subject to a reservation of rights. *Id.* The insured rejected the insurer's defense, and the supreme court commented:

---

[4] The Minnesota Supreme Court has repeatedly encouraged insurers to bring declaratory judgment actions to resolve coverage disputes, including when an insurer accepts tender of a defense subject to a reservation of rights. *See Jostens, Inc. v. Mission Ins. Co.*, 387 N.W.2d 161, 166 (Minn. 1986); *see also Luetmer*, 474 N.W.2d at 369 (collecting cases).

> [The insured] chose to reject [the insurer's] offer to defend under a reservation of rights, perhaps because [the insurer] was tardy in implementing its offer, but more likely because it created a conflict of interest for [the insurer]. [The insurer] said its policy might cover wrongful discharge and fraud if unintentional. So, at the . . . trial, it would be to [the insured's] advantage to show its conduct was unintentional while it would be to [the insurer's] advantage to show it was intentional.

*Id.* at 167 n.6. (citing *Prahm*, 277 N.W.2d at 389).

Applying this caselaw, we conclude that an actual conflict of interest entitling an insured to independent counsel exists when the insurer defends under a reservation of rights and the facts to be determined in the underlying action are the same facts upon which coverage depends. This conclusion is consistent with the *Prahm* court's holding that an actual conflict of interest exists when "[the insurer] would be required to take opposing positions at trial to defend [the insured] against plaintiffs' claim and, at the same time, to defend itself on the coverage question," 277 N.W.2d at 391, and the supreme court's subsequent application of *Prahm* in *Grain Dealers*, 318 N.W.2d at 251, and *Jostens*, 387 N.W.2d at 167 n.6. When an actual conflict of interest exists, an insurer's duty to defend "transforms" into a duty to reimburse, and the insured has the right to select independent counsel at the insurer's expense. *See Prahm*, 277 N.W.2d at 391.

Applying this rule of law, we conclude that an actual conflict of interest existed between Western and general contractor. General contractor tendered its defense to Western, which agreed to defend general contractor subject to a reservation of rights. That reservation of rights provided that Western would not indemnify general contractor for general contractor's own negligence. Thus, the same facts upon which Western reserved

10

the right to deny coverage—whether general contractor was negligent—would have been decided in the underlying action absent the settlement. Accordingly, an actual conflict of interest existed that transformed Western's duty to defend into a duty to reimburse.

Western disagrees with this application of Minnesota Supreme Court precedent, relying primarily on our decision in *Luetmer*. There, we declined to adopt the rule from other jurisdictions that a conflict of interest *always* arises when an insurer accepts tender of a defense subject to a reservation of rights. 474 N.W.2d at 368; *cf.* 14A Couch on Ins. § 202:27 (3rd ed. 2025) (describing the jurisdictions adopting this approach). Instead, we adopted a more nuanced approach, concluding that the reservation of rights must give rise to an "actual" conflict of interest before an insurer's duty to defend is transformed into a duty to reimburse. 474 N.W.2d at 368-69.

We are not persuaded that our decision is inconsistent with *Luetmer*. First, *Luetmer* did not address the question we decide today—whether an actual conflict of interest exists when the insurer defends under a reservation of rights and the facts to be determined in the underlying action are the same facts upon which coverage depends.[5] Second, our decision,

_____

[5] Our decision is also consistent with decisions from U.S. District Court of the District of Minnesota applying *Luetmer* and Minnesota Supreme Court precedent, as well as other jurisdictions that apply a more nuanced approach. *See Select Comfort Corp. v. Arrowood Indem. Co.*, No. 13-2975, 2014 WL 4232334, (D. Minn. Aug. 26, 2014); *see also C.H. Robinson Co. v. Zurich Am. Ins. Co.*, No. Civ. 02-4794, 2004 WL 2538468, at *5-8 (D. Minn. Nov. 5, 2004); 14A Couch on Ins. § 202:27 (collecting cases); Windt, Ins. Claims and Disp. § 4.20 ("[A] conflict of interest exists only if the facts that will be adjudicated in the lawsuit against the insured are the same facts upon which the existence of coverage depends."); Minn. State Bar Ass'n, *Reservation of Rights and Denials of Coverage*, § 2.4 (2019) (discussing the application of Minnesota Supreme Court precedent in *Select Comfort*).

11

like in *Luetmer*, requires a case-by-case determination to assess whether the reservation of rights creates an actual conflict of interest. *Id.*

For these reasons, we conclude the district court erred when it granted summary judgment in Western's favor, and we reverse and remand for further proceedings not inconsistent with this opinion.

## DECISION

We conclude that an actual conflict of interest exists, entitling an insured to independent counsel, when the insurer defends under a reservation of rights and the facts to be determined in the underlying action are the same facts upon which coverage depends. Because the record demonstrates that the same facts upon which Western reserved the right to deny coverage—whether general contractor was negligent—may have been decided in the underlying action, we conclude the district court erred when it granted summary judgment in Western's favor. Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.

**Reversed and remanded.**