■ ALLSTATE INSURANCE COMPANY, Appellant, v PETER KUPER et al., Respondents

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On October 26, 1985, the insureds' son was involved in an automobile accident while using his parents' vehicle in the

course of his employment. The plaintiff insurer was apprised of the circumstances surrounding the accident at the end of October 1985 by the police accident report. However, the plaintiff concededly failed to issue a notice of disclaimer, pursuant to Insurance Law § 3420 (d), on the ground that the two policies here involved excluded coverage when the vehicle was being used to carry persons or property for a charge or for business pursuits. Rather, it instituted this declaratory judgment action six months after the accident occurred. The plaintiff maintains it needed this time in order to make a thorough investigation, and it did not receive its investigator's report until four months prior to the commencement of the action.

Insurance Law § 3420 (d) requires written notice of disclaimer to be given "as soon as is reasonably possible". The plaintiff's delay was unreasonable as a matter of law *(see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, *rearg denied* 47 NY2d 951). Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.