■ FARMERS FIRE INSURANCE COMPANY, Appellant, v CARL BRIGHTON, Doing Business as RIVERS EDGE TAVERN, et al., Respondents.—In an action for a judgment declaring that the plaintiff Farmers Fire Insurance Company (hereinafter Farmers) is not obligated to defend or indemnify the defendant Carl Brighton, doing business as Rivers Edge Tavern, with respect to an action based on the Dram Shop Act (General Obligations Law § 11-101) commenced against the defendant Brighton by the defendants Huffnagle, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Green, J.), dated August 10, 1987, which (1) denied its motion for summary judgment and, upon searching the record, granted summary judgment in favor of the defendants, and (2) declared that the plaintiff "is required to defend and indemnify defendant, Carl Brighton, d/b/a Rivers Edge Tavern, in the action commenced by defendant Huffnagle, individually and as mother and natural guardian of Jason Huffnagle, against Carl Brighton, d/b/a Rivers Edge Tavern, in the Supreme Court, Orange County, to the limits of the insurance policy issued by it to the defendant, Brighton, which was in effect on the date of the accident".

Ordered that the order and judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On May 26, 1985, Harry Huffnagle was killed when his car ran off a road. In a letter dated March 12, 1986, the attorneys for Jason and Deborah Huffnagle, the son and wife, respectively, of the deceased, advised Carl Brighton, doing business as Rivers Edge Tavern, of their claim for damages arising out of the death of Harry Huffnagle. The letter alleged that the death was caused directly by the deceased's severe intoxication, resulting from a violation of the Dram Shop Act (General Obligations Law § 11-101) in that the deceased was illegally served intoxicating beverages by the defendant Brighton when he was obviously intoxicated. Farmers admits that it received this letter on March 20, 1986, and referred it to its adjuster. On May 13, 1986, Farmers received a summons and complaint in the action commenced by the Huffnagles against Brighton. On or about May 22, 1986, Farmers commenced the instant action against Brighton and the Huffnagles, seeking a declaratory judgment that it had no obligation to defend or indemnify

the defendant Brighton. On May 23, 1986, Farmers sent a disclaimer letter to the defendant Brighton based on the clause in its insurance contract with Brighton which excluded liability for bodily injury or property damage "(a) by or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage; or (b) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person".

The Supreme Court denied Farmers' motion for summary judgment and, upon searching the record, granted judgment in favor of the defendants. It held that the two-month delay was unreasonable within the context of the requirements of Insurance Law § 3420 (d), which requires a notice of disclaimer to be served "as soon as is reasonably possible". We agree.

It is well settled that an insurance company will be estopped from disclaiming coverage based on an exclusion in a policy where it has delayed unreasonably in doing so (*Zappone v Home Ins. Co.*, 55 NY2d 131; *Employers Ins. v County of Nassau*, 141 AD2d 496). The plaintiff insurer argues that it was not guilty of unreasonable delay in disclaiming in the case at bar, since it needed time to investigate the claim. We disagree with the plaintiff's argument. The reasonableness of any delay in disclaiming must be judged from that point in time that the insurer is aware of sufficient facts to issue a disclaimer (*Allstate Ins. Co. v Gross*, 27 NY2d 263; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, *rearg denied* 47 NY2d 951). The letter dated March 12, 1986, sent by the defendants Huffnagle to the defendant Brighton and received by Farmers on March 20, 1986, clearly alerted the latter of all the facts that it needed in order to disclaim based on the particular exclusion in the policy. Under the circumstances, Farmers' delay of over two months in disclaiming was unreasonable as a matter of law (*see, Hartford Ins. Co. v County of Nassau, supra*, at 1028; *Foremost Ins. Co. v Rios*, 85 AD2d 677, *lv denied* 55 NY2d 607). Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.