■ In the Matter of JEFFREY BLEE, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent. —In a proceeding to compel arbitration pursuant to CPLR 7503, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Kassoff, J.), dated September 21, 1989, which dismissed the petition.

Ordered that the order and judgment is reversed, on the law, with costs, the petition is granted insofar as it seeks to compel arbitration, and the parties are directed to proceed to arbitration.

On March 21, 1987, the petitioner was a passenger in a car, owned and operated by his friend, which was involved in a one-car accident on the Ohio Turnpike. As a result of the accident the petitioner sustained bodily injuries. The petitioner received $50,000, the policy limit, from the insurer of the motor vehicle. In late October 1987, the petitioner mailed a letter to the respondent State Farm Mutual Automobile Insurance Company, which was his own insurance company, informing it that he was making a claim under the underinsured motorist provisions of the policy. The petitioner in addition mailed a signed statement relating the circumstances surrounding the accident. On November 27, 1987, the respondent sent a letter to the petitioner reserving its right to deny coverage on the ground that a settlement had been reached without its written consent, and by letter dated May 18, 1988, denied underinsured benefits based upon the exclusion in its policy for insureds who settle without its written consent.

Insurance Law § 3420 (d) requires written notice of a disclaimer to be given "as soon as is reasonably possible" after the insurer first learns of the accident or of grounds for

disclaimer of liability or denial of coverage (see, Zappone v Home Ins. Co., 55 NY2d 131; Hartford Ins. Co. v County of Nassau, 46 NY2d 1028; Farmers Fire Ins. Co. v Brighton, 142 AD2d 547). It is settled law that if this provision applies, it is the carrier's burden to explain its delay in notifying the insured of its disclaimer or denial, and that a reservation of rights letter does not constitute compliance with its requirements (see, Zappone v Home Ins. Co., supra). Under the circumstances, the respondent's delay of more than six months in disclaiming was unreasonable as a matter of law and the respondent is estopped from making a disclaimer (see, Hartford Ins. Co. v County of Nassau, 46 NY2d 1028, supra; Farmers Fire Ins. Co. v Brighton, supra; Allstate Ins. Co. v Kuper, 140 AD2d 479; Metropolitan Prop. & Liab. Ins. Co. v State Farm Mut. Auto. Ins. Co., 119 AD2d 558; Foremost Ins. Co. v Rios, 85 AD2d 677). Eiber, J. P., Sullivan, Balletta and O'Brien, JJ., concur.