■ Mount Vernon Fire Insurance Company, Respondent, v Abraham Unjar et al., Appellants, et al., Defendant.—In an action for a judgment declaring that the plaintiff Mount Vernon Fire Insurance Company is not obligated to defend and indemnify the defendants Abraham Unjar and Krause Hirsch with respect to an action to recover damages for personal injuries commenced against them by the defendant Mercedes Ortiz in the Supreme Court, Kings County, the defendants Abraham Unjar and Krause Hirsch appeal from an order of the Supreme Court, Kings County (Williams, J.), dated February 26, 1990, which denied their motion for summary judgment in their favor.

Ordered that the order is reversed, on the law, with costs, the motion is granted, it is declared that the plaintiff has a duty to defend and, if necessary, indemnify the appellants in the underlying personal injury action, and the matter is remitted to the Supreme Court, Kings County, for a hearing with respect to the reasonable legal fees due the appellants for the costs incurred in defending the instant action.

The appellants Abraham Unjar and Krause Hirsch are joint owners of a Brooklyn apartment building located at 367 Marcy Avenue. On July 13, 1988, their tenant Mercedes Ortiz was allegedly injured in a fall at the subject premises. Approximately four months later, Ortiz commenced an action to recover damages for personal injuries against the appellants by service of a summons with notice. The appellants mailed the summons to their insurance company, the plaintiff Mount Vernon Fire Insurance Company (hereinafter Mount Vernon), and it is undisputed that Mount Vernon received the summons on November 14, 1988. Upon receipt of the summons, Mount Vernon's claims manager referred the matter to an investigator to determine whether the appellants had breached the terms of their policy by failing to provide timely notice of the Ortiz accident. The claims manager received a report of this investigation on December 28, 1988, and based on its contents, he concluded that the appellants had breached the notice provisions of the policy. However, Mount Vernon took no steps to disclaim liability until commencement of this declaratory judgment action approximately two and one-half months after its receipt of the investigative report.

On appeal, the appellants contend that the Supreme Court erred in denying their motion for summary judgment because the two and one-half month delay between Mount Vernon's receipt of the investigative report and disclaimer of liability was unreasonable as a matter of law. We agree. It is well settled that an insurer will be estopped from disclaiming coverage based on an exclusion in a policy where it has delayed unreasonably in doing so (see, Zappone v Home Ins. Co., 55 NY2d 131; Farmers Fire Ins. Co. v Brighton, 142 AD2d 547), and that it is the insurer's burden to explain its delay in notifying the insured of its disclaimer (see, Hartford Ins. Co. v County of Nassau, 46 NY2d 1028; Matter of Blee v State Farm Mut. Auto. Ins. Co., 168 AD2d 615). The reasonableness of any delay in disclaiming must be judged from the time that the insurer is aware of sufficient facts to issue a disclaimer (see, Allstate Ins. Co. v Gross, 27 NY2d 263; Farmers Fire Ins. Co. v Brighton, supra).

At bar, it is undisputed that the investigative report received by Mount Vernon's claims manager on December 28, 1988, contained sufficient facts to allow him to conclude that the appellants had breached the notice provisions of the policy. Moreover, the record is devoid of any indication that Mount Vernon continued its investigation into the appellants' alleged breach following receipt of the December report. Un-

der these circumstances, we conclude that Mount Vernon failed to offer an adequate explanation for the two and one-half month delay in disclaiming liability *(see, Hartford Ins. Co. v County of Nassau, supra; Farmers Fire Ins. Co. v Brighton, supra; Metropolitan Prop. & Liab. Ins. Co. v State Farm Mut. Auto. Ins. Co.,* 119 AD2d 558), and thus may not take advantage of the appellants' alleged failure to give timely notice of the Ortiz accident *(see, New York Cent. Mut. Fire Ins. Co. v Markowitz,* 147 AD2d 461; *Aetna Cas. & Sur. Co. v Rodriguez,* 115 AD2d 418; *Cohen v Atlantic Natl. Ins. Co.,* 24 AD2d 896). Consequently, Mount Vernon is obligated to defend and, if necessary, indemnify the appellants in the underlying personal injury action.

Moreover, because the appellants were "cast in a defensive posture by the legal steps [the] insurer [had taken] in an effort to free itself from its policy obligations" *(Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21), they are entitled to recover the reasonable costs and attorneys' fees incurred in defense of this action *(see, U.S. Liab. Ins. Co. v Staten Is. Hosp.,* 162 AD2d 445; *State Farm Fire & Cas. Co. v Irene S.,* 138 AD2d 589, 591). Therefore, the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the amount of those costs and fees. Thompson, J. P., Kunzeman, Eiber and Miller, JJ., concur.