■ ASSOCIATED MUTUAL INSURANCE COMPANY, Respondent, v SAMICABAN INC., Doing Business as MICHAEL'S TAVERN, et al., Defendants, and PETER GROOS et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Williams, J.), entered May 1, 1991, in Sullivan County, which denied a motion by defendants Peter Groos and Thomas Groos for summary judgment.

The sole issue on this appeal is whether plaintiff conformed to Insurance Law § 3420 (d) in its attempt to disclaim coverage under an insurance contract issued to defendant Samicaban Inc. The operative facts indicate that an accident occurred on October 1, 1989. Defendants Thomas Groos and Peter Groos (hereinafter collectively referred to as defendants) were in-

jured when the car they were riding in, driven by defendant Michael Adams and owned by defendant Henry Adams, left the road and struck a utility pole. Samicaban operated a tavern which defendants claim illegally served alcoholic beverages to Michael Adams. Plaintiff had issued a business general liability policy to Samicaban. Paula Snead of the Liebert Group, an authorized agent of plaintiff, was notified on June 7, 1990 of the accident and that a claim was being made against Samicaban. Samicaban acknowledged that its contract with plaintiff did not apply under the circumstances and requested a copy of its insurance contract from Snead to be used as verification that insurance coverage was not available. The contract was mailed to Samicaban's counsel, retained by it to handle the matter.

On October 9, 1990 Diana Kruk, vice-president of claims for plaintiff, received a letter and a copy of the bill of particulars from Samicaban's counsel apprising her of defendants' lawsuit. Kruk requested a copy of defendants' complaint, which she received on October 17, 1990. The complaint alleged a cause of action under General Obligations Law § 11-101 and a cause of action for negligence against Samicaban for failing to properly train its bar personnel. On October 23, 1990 plaintiff sent a disclaimer to Samicaban and defendants' counsel. On October 25, 1990 plaintiff commenced this action seeking a declaration that it is not required to defend Samicaban in defendants' action. Defendants moved for summary judgment. Supreme Court denied the motion upon finding of issues of fact concerning the timeliness of plaintiff's disclaimer.

Insurance Law § 3420 (d) provides: "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for * * * bodily injury arising out of a motor vehicle accident * * * occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." Defendants urge that the holding in *Hartford Ins. Co. v County of Nassau* (46 NY2d 1028) dictates a declaration requiring plaintiff to defend and indemnify Samicaban as a matter of law because of an unreasonable delay in disclaiming liability. We concur. The information imparted to plaintiff on June 7, 1990 by its insured alerted it to all the facts it needed to disclaim coverage to its insured based on the exclusions in the policy. A delay from June 7, 1990 to October 23, 1990, when a written disclaimer was sent to defendants, is unrea-

sonable as a matter of law *(see, Farmers Fire Ins. Co. v Brighton,* 142 AD2d 547, 548).

We find no merit in plaintiff's contention that no action was required on its part as a result of the June 7, 1990 communication from its insured in view of Samicaban's recognition that its contract excluded causes of action based on a violation of General Obligations Law § 11-101. The policy of this State, as enunciated in Insurance Law § 3420 (d), is meant not only to protect the insured but is also intended to aid injured parties in attaining prompt compensation *(see, Allstate Ins. Co. v Gross,* 27 NY2d 263).

Mahoney, P. J., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Peter Groos and Thomas Groos and it is declared that plaintiff is required to defend and indemnify defendant Samicaban Inc. in the underlying action commenced by Peter Groos and Thomas Groos against Samicaban Inc.