■ NATIONAL CASUALTY COMPANY, Appellant, v LEVITTOWN EVENTS, INC., Doing Business as UNCLE SAM's and/or SPIT, Defendant, and MICHAEL PHILIPPE, Respondent. [595 NYS2d 93] —In an action for a judgment declaring that the plaintiff National Casualty Company is not obligated to defend or indemnify the defendant Levittown Events, Inc., doing business as Uncle Sam's and/or Spit, with respect to an action based on the Dram Shop Act (General Obligations Law § 11-101) commenced against that defendant by the defendant Michael Philippe, the plaintiff appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), entered January 10, 1991, which (1) granted the defendant Philippe's motion for summary judgment and declared that the plaintiff was required to defend and indemnify the defendant Levittown Events, Inc., and (2) denied its cross motion for summary judgment in its favor.

544

Ordered that the order is affirmed, with costs.

The defendant Michael Philippe sustained injuries as a passenger in an automobile accident in March 1987 and commenced a negligence action against the defendant Levittown Events, Inc., doing business as Uncle Sam's and/or Spit (hereinafter Levittown) based on the alleged violation of the Dram Shop Act (General Obligations Law § 11-101). Levittown's insurer, the plaintiff, received notice of the negligence action on February 16, 1990, and commenced the instant action in April 1990 for a declaration that it was not required to defend or indemnify Levittown. The plaintiff did not notify Philippe's attorney of its disclaimer of coverage until May 11, 1990, and Philippe was not served with the summons and complaint in this action until August 11, 1990.

Pursuant to Insurance Law § 3420 (d), an insurer must give written notice of disclaimer to the injured party "as soon as is reasonably possible." The only excuse offered by the plaintiff for the delay in notifying Philippe of its disclaimer of coverage was a conclusory allegation that he had attempted to evade service. Under the circumstances, we find that the delay of over two months was unreasonable as a matter of law (see, Hartford Ins. Co. v County of Nassau, 46 NY2d 1028; Farmers Fire Ins. Co. v Brighton, 142 AD2d 547; Allstate Ins. Co. v Kuper, 140 AD2d 479; Foremost Ins. Co. v Rios, 85 AD2d 677).

Contrary to National's contention, it was required to serve a written notice of disclaimer, since the denial of coverage was based upon an exclusion contained in the insurance policy (see, Zappone v Home Ins. Co., 55 NY2d 131; Associated Mut. Life Ins. Co. v Samicaban, Inc., 178 AD2d 883; Farmers Fire Ins. Co. v Brighton, supra). Sullivan, J. P., Balletta, O'Brien and Santucci, JJ., concur.