■ In the Matter of PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Respondent. MICHAEL KING, Appellant. [604 NYS2d 136] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the appeal is from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered August 20, 1991, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the parties are directed to proceed to arbitration.

On September 15, 1988, Michael King was injured while a passenger in a taxi owned by AB Transportation. At the time of the accident, Prudential Property and Casualty Insurance Company (hereinafter Prudential) was the insurer of King's sister, Katherine King, under an automobile insurance policy which provided protection for Katherine King and any relatives living in her household against, inter alia, bodily injuries arising from accidents with underinsured motorists. King brought a claim against Prudential under the underinsured motorist coverage provision in his sister's policy, asserting that he was a relative living in her household; however, Prudential did not make any payments. When AB Transportation offered to settle with King for $10,000 (the full amount of its coverage), Prudential would not consent to the settlement. As a result, King sought to arbitrate the claim, and Prudential in turn brought the instant proceeding to stay arbitration.

The Supreme Court found that King, although a member of his sister's household, was not covered by the underinsurance provisions in his sister's policy based on an interpretation of a clause in the policy describing "what cars are covered".

We conclude that pursuant to the terms of the insurance policy, King was a covered person as provided for in the clause describing "who is insured", which is to be construed together with the entire insurance policy "as an integrated

whole" *(Bretton v Mutual of Omaha Ins. Co.,* 110 AD2d 46, 48, *affd* 66 NY2d 1020). If an insurer wishes to "exclude certain coverage from its policy obligations, it must do so 'in clear and unmistakable' language" *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311, quoting *Kratzenstein v Western Assur. Co.,* 116 NY 54, 59). Here, no such clear exclusion is present.

Further, we conclude that King satisfied the conditions precedent to arbitration by advising Prudential of the settlement offer, by requiring Prudential's right of subrogation be preserved, and by requesting Prudential's consent to settle the claim on numerous occasions. Prudential cannot arbitrarily withhold consent and at the same time argue that a condition precedent has not been complied with *(see, Matter of Blee v State Farm Mut. Auto. Ins. Co.,* 168 AD2d 615; *Matter of Nationwide Mut. Ins. Co. [Taylor],* 177 AD2d 929; *Huth v Nationwide Ins. Co.,* 148 Misc 2d 1003; Insurance Law § 3420 [d]). Under principles of equity, Prudential is estopped from asserting failure to meet conditions precedent as a defense. Eiber, J. P., O'Brien, Santucci and Joy, JJ., concur.