■ GENERAL ACCIDENT INSURANCE COMPANY, INC., Respondent, v ANTHONY VILLANI, Appellant, et al., Defendants. [607 NYS2d 70] —In an action, *inter alia,* for a judgment declaring that the plaintiff General Accident Insurance Company, Inc., is not obligated to provide insurance coverage to the defendants Clearwater Glass and Mirror Company, Inc., Andrew Papaleo and Gregory Caggiano, in an underlying action brought by Anthony Villani against those defendants, the defendant Anthony Villani appeals from so much of an order of the Supreme Court, Nassau County (Lockman, J.), entered December 24, 1991, as denied his motion for judgment in his favor declaring that the plaintiff is obligated to defend, and, if necessary, indemnify the defendants Clearwater Glass and Mirror Company, Inc., Andrew Papaleo, and Gregory Caggiano, in the underlying action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and it is declared that the plaintiff is obligated to defend, and, if necessary, indemnify the defendants Clearwater Glass and Mirror Company, Inc., Andrew Papaleo and Gregory Caggiano, in an underlying action brought against them by the defendant Anthony Villani.

On June 1, 1989, Anthony Villani sustained personal injuries while he was allegedly employed by Clearwater Glass and Mirror Company, Inc. (hereinafter Clearwater Glass), and its owners, Andrew Papaleo and Gregory Caggiano, while using a radial saw at their place of business. On May 1, 1990, Villani commenced an action against Clearwater Glass and its owners. Clearwater Glass was insured under a commercial liability policy issued by the plaintiff General Accident Insurance

Company. The "exclusions" clause in the policy provided that the insurance did not apply for bodily injury to an employee of Clearwater Glass. By letter dated August 17, 1990, to Clearwater Glass, General Accident Insurance Company, Inc., reserved its rights under the insurance policy to disclaim coverage, "if it is found that [the appellant] was indeed in the course of his employment at the time of the accident". On November 9, 1990, at an examination before trial, Anthony Villani testified that he had been a full-time employee of Clearwater Glass for a year and a half and was paid off the books. On or about May 24, 1991, General Accident Insurance Company, Inc., gave written notice of disclaimer of coverage to Anthony Villani and Clearwater Glass by commencing the instant action for a judgment declaring that, based upon the exclusionary clause in the insurance policy, it did not insure and cover Clearwater Glass with respect to the claim of Anthony Villani. General Accident Insurance Company, Inc., claimed that although it became aware of Villani's true employment status after the examination before trial on November 9, 1990, it reactivated the investigation because of conflicting testimony, sought outside counsel, and gave timely written notice of disclaimer by commencing the instant declaratory judgment action on May 24, 1991.

It is well settled that an insurance carrier will be estopped from disclaiming coverage based on an exclusion in the policy where it fails to give written notice of disclaimer "as soon as is reasonably possible" (Insurance Law § 3420 [d]; *see, Zappone v Home Ins. Co.,* 55 NY2d 131, 135; *Mount Vernon Fire Ins. Co. v Unjar,* 177 AD2d 480, 481). The reasonableness of the carrier's delay in disclaiming coverage should be judged from the time that the carrier had "sufficient facts to issue a disclaimer" *(Mount Vernon Fire Ins. Co. v Unjar, supra,* at 481), and the burden of explaining any delay in disclaiming is on the carrier *(see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1030; *Matter of Blee v State Farm Mut. Auto. Ins. Co.,* 168 AD2d 615, 616). Although whether a notice of disclaimer has been sent "as soon as is reasonably possible" is usually a question of fact, it may be determined as a matter of law where "there is absolutely no explanation for the delay provided by the insurer" *(Hartford Ins. Co. v County of Nassau, supra,* at 1030).

The first time the carrier issued a written notice of disclaimer was when it commenced this action for a declaratory judgment on May 24, 1991, even though by its own admission it had sufficient facts to issue a disclaimer at the conclusion of

the examinations before trial on November 9, 1990. The delay of 6½ months in disclaiming coverage was unreasonable as a matter of law, where it did not offer an explanation for the delay and the record is devoid of any indication that it continued its investigation after the examinations before trial on November 9, 1990, as alleged in the papers opposing the motion to dismiss. The letter dated August 17, 1990, did not constitute a written notice of disclaimer required under the Insurance Law *(see, Matter of Blee v State Farm Mut. Auto. Ins. Co.,* 168 AD2d 615, *supra).*

The plaintiff's remaining contentions are either academic or without merit. Bracken, J. P., Balletta, Copertino and Santucci, JJ., concur.