OPINION OF THE COURT
Marvin E. Segal, J.
By order dated January 24, 1994 the court granted petitioner’s application for an order pursuant to CPLR 7503 permanently staying the arbitration of respondent’s underinsured motorist claim, only to the extent that arbitration was temporarily stayed for a period of 45 days after service of a copy of the order upon petitioner’s attorney. Pursuant to Huth v Nationwide Ins. Co. (148 Misc 2d 1003) and the public policy underlying the promulgation of Insurance Department Regu *88 lotion 35-D (11 NYCRR subpart 60-2 et seq.), the petitioner was afforded the opportunity, within the 45-day period, to either consent to the settlement of the respondent’s claim against the alleged tortfeasor for $10,000, the limit of the tortfeasor’s liability policy, or to pay respondent the sum of $10,000 and preserve its subrogation rights.
The petitioner now moves for a stay of arbitration pending appeal of the order dated January 24, 1994 pursuant to CPLR 5519 (c) on the ground that it will be irreparably harmed if it is forced to proceed to arbitration pending appeal.
Public policy clearly favors expeditious dispute resolution and the primary function of arbitration is to implement this public policy. A stay pending appeal will frustrate the very purpose arbitration is designed to achieve. Here, the respondent has been attempting to obtain petitioner’s consent to settle its claim against the alleged tortfeasor since October 26, 1993 and has been attempting to proceed to arbitration since December 14, 1993. Not only has petitioner delayed arbitration by refusing to consent to the settlement, but petitioner further delayed arbitration by moving for a stay of arbitration on the ground that the respondent had failed to comply with conditions precedent to arbitration, to wit: a physical and an examination before trial, although same had never been demanded by petitioner nor refused by the respondent.
Petitioner now seeks to further delay arbitration, for an extended period of time, pending appeal of the order dated January 24, 1994, on the ground that Huth v Nationwide (supra) is an inappropriate attempt at "judicial legislation” and the respondent has failed to prove that the petitioner’s refusal to consent to the settlement was motivated solely by a lack of good faith.
The .petitioner has failed to submit an affidavit from any person with firsthand knowledge which alleges that petitioner intends to or expects that it might exercise its subrogation rights against the tortfeasor whose insurance coverage would be exhausted by the proposed settlement (see, Matter of CNA Ins. Cos. v Grandstaff, 170 AD2d 794). Further, the law is clear that the insurer cannot arbitrarily withhold consent and at the same time argue that a condition precedent has not been complied with (Matter of Prudential Prop. & Cas. Ins. Co. [King], 198 AD2d 421; Matter of Blee v State Farm Mut. Auto. Ins. Co., 168 AD2d 615; Huth v Nationwide Ins. Co., supra).
Finally, the direction to proceed to arbitration works no *89 prejudice upon the petitioner. The petitioner has been afforded the opportunity to protect its subrogation rights should it deem it advisable to do so.
Accordingly, the motion for a stay pending appeal is denied, on the grounds that the appeal lacks merit, denial of a stay pending appeal will work no prejudice upon the petitioner and the granting of a stay would contravene public policy.