■ In the Matter of TRI-STATE CONSUMER INSURANCE COMPANY, Appellant, v MARTHA HUNDLEY, Respondent. [618 NYS2d 41] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the appeal is from a judgment of the Supreme Court, Nassau County (Goldstein, J.), dated January 27, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On November 28, 1988, the respondent was injured when her vehicle was struck by the vehicle of a motorist who made an illegal left turn. At the time of the accident, the appellant, Tri-State Consumer Insurance Company, was the respondent's insurer. The respondent timely notified the appellant that she intended to claim underinsured motorist coverage pursuant to the terms of her policy. When the tortfeasor offered to settle with the respondent for the full amount of his coverage, the appellant would not consent to the settlement absent a conditional release preserving its subrogation right, which the tortfeasor's insurance company would not accept. As a result, the respondent sought to arbitrate the claim, and the appellant in turn brought the instant proceeding to stay arbitration.

In the judgment denying the appellant's petition for a stay of arbitration, the Supreme Court ordered that the appellant decide, within 30 days after the service of the judgment upon the appellant's attorneys, whether to consent to the settlement and forego preservation of its subrogation rights, or withhold consent and pay the amount of the tortfeasor's settlement offer, thus preserving its right to subrogation. We affirm.

Because the respondent advised the appellant of the settlement offer, sought its consent, and cooperated with the appellant's investigation, we conclude that she satisfied the conditions precedent to arbitration. Under the circumstances, the

appellant cannot arbitrarily withhold consent and at the same time argue that the respondent has not complied with a condition precedent *(see, Matter of Prudential Prop. & Cas. Ins. Co. [King],* 198 AD2d 421; *see also, Matter of Blee v State Farm Mut. Auto. Ins. Co.,* 168 AD2d 615; *Matter of Sentry Ins. Co. v Kolb,* 190 AD2d 804; *Huth v Nationwide Ins. Co.,* 148 Misc 2d 1003, 1008). Further, it was not an improvident exercise of discretion for the Supreme Court to deny the appellant's application to stay the arbitration and to fashion a remedy which would permit the resolution of the respondent's personal injury claims. Thompson, J. P., Bracken, Balletta and Copertino, JJ., concur.