■ ALBERT GARDNER et al., Plaintiffs, v RYDER TRUCK RENTAL, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. GOVERNMENT EMPLOYEES INSURANCE COMPANY et al., Third-Party Defendants-Respondents. (Action No. 1.) FREDERICK TOUSSAINT et al., Plaintiffs, v RYDER TRUCK RENTAL CORP., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. GOVERNMENT EMPLOYEES INSURANCE COMPANY et al., Third-Party Defendants-Respondents. (Action No. 2.) [690 NYS2d 614] —In related actions to recover damages for personal injuries, etc., the defendant third-party plaintiff Ryder Truck Rental, Inc., appeals, as limited by the brief, from stated portions of an order of the Supreme Court, Kings County (G. Aronin, J.), dated June 2, 1998, which, *inter alia,* denied its motion for summary judgment on the third-party complaint declaring that the third-party defendants Government Employees Insurance Company and Aetna Insurance Company are under no duty to defend or indemnify it or any other party to the actions.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents.

Contrary to the contentions of the defendant third-party plaintiff Ryder Truck Rental, Inc. (hereinafter Ryder), the subject vehicle, a six-wheeled 1987 GMC box truck with a load capacity in excess of 2,000 pounds with a separate, enclosed storage area, rented by it to Saul Yabrow, a defendant in Ac-

tion No. 1, was not a "private passenger auto" as defined by a policy issued by the third-party defendant Government Employees Insurance Company (hereinafter GEICO) to Saul Yabrow (*see, Leudemann v Prudential Prop. & Cas. Ins. Co.,* 51 NY2d 828). Thus, the Supreme Court correctly concluded that GEICO had no duty to defend or indemnify Ryder in the negligence actions pursuant to Yabrow's agreement to indemnify Ryder for losses above the required statutory limit. The Supreme Court also correctly concluded that the third-party defendant Aetna Insurance Company (hereinafter Aetna) has no duty to defend or indemnify Ryder in the underlying action, as the subject loss is specifically excluded under the policy it issued to Yabrow.

Ryder's contention that GEICO and Aetna should be estopped from denying coverage because of their delay in disclaiming coverage (*see,* Insurance Law § 3420 [d]) is without merit. GEICO's untimely disclaimer does not create an estoppel because the subject vehicle was never covered under its policy (*see, Zappone v Home Ins. Co.,* 55 NY2d 131, 138; *cf., Greater N. Y. Mut. Ins. Co. v Clark,* 205 AD2d 857). As an excess liability insurer, Aetna's duty to disclaim arises a reasonable time after the primary insurance coverage has been exhausted, or the retained limit met (*see, Matter of Allcity Ins. Co. [Sioukas],* 51 AD2d 525, *affd* 41 NY2d 872). As neither condition occurred here, Aetna had no duty to disclaim and cannot be estopped from disclaiming.

We decline to reach Ryder's remaining contention, as it is raised for the first time on this appeal (*see, Matter of Allstate Ins. Co. v Bieder,* 212 AD2d 693; *Miller Org. v Vasap Constr. Corp.,* 184 AD2d 763). Thompson, J. P., Sullivan, Joy and Schmidt, JJ., concur.