■ INTERESTED UNDERWRITERS AT LLOYDS, Appellant, v MIDGE RESTAURANT CORP., Doing Business as ENIGMA NIGHT CLUB, Defendant, and JOHN B. SACCO, Respondent. [724 NYS2d 632] —In an action, *inter alia*, for a judgment declaring that the plaintiff is not obligated to defend and indemnify its insured, the defendant Midge Restaurant Corp., d/b/a Enigma Night Club, in an action entitled *Sacco v Midge Restaurant Corp.,* filed in the Supreme Court, Kings County, under Index No. 19218/97, the plaintiff appeals from an order of the Supreme

Court, Kings County (Dowd, J.), dated June 29, 2000, which, *inter alia,* denied its motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment granting declaratory relief in favor of the defendant Midge Restaurant Corp., d/b/a Enigma Night Club.

The defendant John Battista Sacco allegedly was assaulted by another patron in a nightclub owned by the defendant Midge Restaurant Corp., d/b/a Enigma Night Club (hereinafter Midge). Thereafter, Sacco commenced a negligence action against Midge. Midge notified the plaintiff, its insurance carrier, of the lawsuit, and approximately five months later, the plaintiff disclaimed coverage based on a policy exclusion for claims arising out of an assault and battery. The plaintiff then commenced this action seeking a judgment declaring that it had no obligation to defend and indemnify Midge in the underlying action based on the exclusion. The Supreme Court denied the plaintiff's motion for summary judgment, concluding that its disclaimer was ineffective.

The plaintiff had a duty to timely disclaim coverage because the underlying occurrence in this case is governed by Insurance Law § 3420 (d) and the disclaimer was based on an exclusion contained in the policy it issued to Midge (*see, Sphere Drake Ins. Co. v Block 7206 Corp.,* 265 AD2d 78). Since the plaintiff failed to provide a satisfactory explanation for its five-month delay in disclaiming coverage, the Supreme Court properly concluded that the disclaimer was untimely and, therefore, ineffective (*see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029-1030; *American Ref-Fuel Co. v Employers Ins. Co.,* 265 AD2d 49, 54; *Dependible Janitorial Servs. v Transcontinental Ins. Co.,* 212 AD2d 946).

There is no merit to the plaintiff's contention that coverage was forfeited by Midge's noncooperation. Its contention that it is entitled to summary judgment because it did not receive timely notice of the occurrence is unpreserved for appellate review and, in any event, is without merit.

We note that since this is a declaratory judgment action, a judgment should be entered granting declaratory relief in favor of Midge (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Altman, J. P., Krausman, Luciano and Cozier, JJ., concur.