A. Servidone, Inc., Respondent-Appellant, v Commercial Underwriter's Insurance Company et al., Appellants-Respondents, et al., Defendants. [777 NYS2d 526]—

* Petitioner's subsequent motion for reconsideration was denied.

Crew III, J.P. Cross appeals from an order and judgment of the Supreme Court (Bradley, J.), entered March 24, 2003 in Ulster County, which, inter alia, partially granted plaintiff's motion for partial summary judgment.

In August 1998, plaintiff contracted with the State of New York to perform certain highway construction work in the Town of Newburgh, Orange County. That contract, in turn, contained various provisions regarding insurance and indemnification in the event the State was sued as the result of an accident related to the construction project.

In September 1999, Ian Rodgers, one of plaintiff's employees working at the Newburgh site, was killed when he was struck by a pick-up truck operated by another of plaintiff's employees. Rodgers' estate subsequently commenced a wrongful death suit against the State, for which the State sought defense and indemnification from plaintiff's insurance carriers. Insofar as is relevant to these appeals, defendants Commercial Underwriter's Insurance Company and Diamond State Insurance Company disclaimed coverage. The State responded by commencing an action against plaintiff requesting indemnification and alleging breach of contract based upon a lack of proper insurance coverage. Again, Commercial and Diamond disclaimed coverage.

Plaintiff thereafter commenced this declaratory judgment action against, among others, Commercial and Diamond. Following joinder of issue, plaintiff moved for summary judgment seeking, inter alia, a declaration that Commercial and Diamond have an obligation to defend and indemnify plaintiff. Commercial opposed plaintiff's motion and Diamond cross-moved for summary judgment dismissing plaintiff's complaint. Supreme Court, among other things, granted plaintiff's motion for summary judgment as to Commercial and, as to Diamond, denied both plaintiff's motion and Diamond's cross motion as moot. These appeals ensued.

The crux of Commercial's appeal is that no timely disclaimer was required because plaintiff's claim falls outside the scope of the policy's coverage. We cannot agree. To be sure, "an insurance company is not subject to the timely disclaimer provisions contained in Insurance Law § 3420 (d) where no coverage existed under the policy" (*Matter of State Farm Mut. Auto Ins. Co. [Merrill]*, 192 AD2d 824, 825 [1993]). However, a distinction is to be drawn between the denial of a claim based upon an

exclusion of coverage and the denial of a claim based upon noncoverage (*see Greater N.Y. Mut. Ins. Co. v Clark*, 205 AD2d 857, 858 [1994], *lv denied* 84 NY2d 807 [1994]). "In the former situation, the policy covers the claim but for the applicability of the exclusion and, therefore, a notice of disclaimer is required. In the latter, the claim is not within the ambit of the policy and, therefore, mandating coverage on the basis of an insurer's failure to serve a timely notice of disclaimer would be to create coverage where none previously existed" (*id.* at 858 [citation omitted]; *see Squires v Marini Bldrs.*, 293 AD2d 808, 809-810 [2002], *lv denied* 99 NY2d 502 [2002]). Based upon our review of the policy as a whole, we are persuaded that the policy issued by Commercial indeed provided coverage for the claims asserted against plaintiff and, as such, Commercial's failure to tender a timely disclaimer precludes it from asserting the relevant exclusion as a defense.

Paragraph 1 (a) of Commercial's insurance contract provides, in relevant part, as follows: We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

Although paragraph 2 (b) of the policy excludes from coverage contractually assumed liability, such exclusion does not apply to an "insured contract," which is defined, in relevant part, as: That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Finally, paragraph 2 (g) excludes from coverage bodily injury or property damage "arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or rented or loaned to any insured."

Reading these provisions seriatim, it is apparent that plaintiff and the State entered into an "insured contract" as that term is defined in Commercial's policy and, hence, coverage does exist for the indemnification obligation assumed by plaintiff. Contrary to Commercial's present assertion, we do not read paragraph 2 (g) as reflecting an absence of coverage in the first

instance but, rather, an exclusion from the coverage otherwise provided. Indeed, Commercial's argument in this regard is somewhat disingenuous given that both the underlying insurance contract and the disclaimer letters issued to the State and to plaintiff repeatedly refer to paragraph 2 (g) as an exclusion. Simply stated, if Commercial wanted to invoke the exclusionary language of paragraph 2 (g), it was required to issue a timely notice of disclaimer, which it failed to do.* Hence, Commercial has waived its defense in this regard and, as such, Supreme Court properly granted plaintiff's motion for summary judgment against Commercial.

As a final matter, both plaintiff and Diamond contend that Supreme Court erred in denying their respective motions for summary judgment. Of the various arguments raised by the parties in this regard, only one warrants discussion. The record reflects that plaintiff was a named insured under Diamond's umbrella policy "only if such coverage [was] afforded in valid and collectable 'underlying insurance' as listed in the Schedule of Underlying Insurance." A review of such schedule, in turn, reflects that Commercial was listed as an underlying insured. Having concluded that the terms of Commercial's policy indeed obligated it to defend and indemnify plaintiff in the action brought against it by the State, valid and collectible underlying coverage exists and, hence, plaintiff is a proper insured under the contract with Diamond. Accordingly, Supreme Court should have granted plaintiff's motion for summary judgment to this extent and declared that Diamond is liable to plaintiff for indemnification for any judgment against plaintiff in the action brought by the State that exceeds the limits of plaintiff's underlying insurance. The parties' remaining contentions have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as denied that part of plaintiff's motion seeking a declaration that defendant Diamond State Insurance Company is liable to plaintiff for indemnification in the underlying action for any judgment that exceeds the limits of plaintiff's insurance; motion granted to that extent; and, as so modified, affirmed.

---

* Although Commercial was aware of the facts necessary to issue a disclaimer in January 2000, it did not do so until June 2000. Having offered no persuasive explanation for such delay, Commercial's disclaimer is untimely (see Squires v Marini Bldrs., supra at 810).