■ 474431 ASSOCIATES et al., Respondents, v AXA GLOBAL RISKS US INSURANCE COMPANY, Respondent, and ALLCITY INSURANCE COMPANY, Appellant, et al., Defendants. [795 NYS2d 626]—

In a consolidated action, inter alia, for a judgment declaring that the defendant AXA Global Risks US Insurance Company is a co-insurer with the defendant Allcity Insurance Company with respect to the causes of action brought by the plaintiffs, Allcity Insurance Company appeals from an order of the

Supreme Court, Kings County (M. Garson, J.), dated December 3, 2004, which denied its cross motion for summary judgment declaring that AXA is a co-insurer and granted the motion of AXA Global Risks US Insurance Company for summary judgment declaring that it is not a co-insurer.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant AXA Global Risks US Insurance Company is a co-insurer with the defendant Allcity Insurance Company in connection with the causes of action brought by the plaintiffs, and the action against the remaining defendants is severed.

In an underlying action entitled *Rios v 474431 Assoc.*, commenced in the Supreme Court, Kings County, under index No. 39469/94, Ruperto Rios obtained a judgment against 474431 Associates, a plaintiff in the instant action, the owner of the premises where Rios was injured (hereinafter the owner). This judgment was satisfied by the owner's insurance carrier, the plaintiff National Union Fire Insurance Company of Pittsburgh Pennsylvania (hereinafter AIG). The owner commenced a third-party action against Rios's employer, A.S.L. Associates (hereinafter ASL), and obtained a judgment for common-law indemnification against ASL.

Thereafter, the plaintiffs commenced an action, inter alia, for a judgment declaring that ASL's worker's compensation carrier, the defendant Allcity Insurance Company (hereinafter Allcity), and its general liability carrier, the defendant AXA Global Risks US Insurance Company (hereinafter AXA), were required to reimburse AIG for the judgment amount it paid to Rios. AXA commenced a separate action seeking, inter alia, a declaration that Allcity was the responsible carrier. Following consolidation of these two actions and after mediation, the parties entered into a settlement, with AIG accepting $130,000 in full satisfaction of its claims.

The settlement further permitted AXA and Allcity to make motions for summary judgment aimed at establishing their respective responsibility for the payment to AIG. In its motion, AXA argued that the policy it issued to ASL did not cover the risk. In its cross motion for summary judgment, Allcity argued that AXA was a co-insurer of the risk.

Contrary to the Supreme Court, we hold that, as AXA's decision to disclaim coverage was based on a policy exclusion and not the absence of coverage inclusion, AXA was required to give timely notice of the disclaimer under Insurance Law § 3420 (d)

(*see Interested Underwriters at Lloyds v Midge Rest. Corp.,* 283 AD2d 459, 460 [2001]; *Sphere Drake Ins. Co. v Block 7206 Corp.,* 265 AD2d 78, 82; *cf. Matter of Continental Cas. Co. v Luhrs,* 299 AD2d 357, 358 [2002]).

Allcity satisfied its prima facie burden of demonstrating its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]) with respect to the untimeliness of AXA's disclaimer (*see General Acc. Ins. Co. v Villani,* 200 AD2d 711 [1994]). In opposition, AXA failed to raise a triable issue of fact (*see id.*). Accordingly, the Supreme Court erred in granting the motion and denying the cross motion. Adams, J.P., Santucci, Goldstein and Lifson, JJ., concur.