■ MICHELLE REYES, Appellant, v DIAMOND STATE INSURANCE COMPANY, Respondent, et al., Defendants. [827 NYS2d 263]—

In an action for a judgment declaring that the defendant Diamond State Insurance Company is obligated to provide excess coverage with respect to an underlying personal injury action entitled *Astacio v Dollar Rent A Car Systems*, pending in the Supreme Court, Kings County, under index No. 4283/02, pursuant to a policy of insurance issued to the plaintiff, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated March 9, 2005, which denied her motion for summary judgment declaring that the defendant

Diamond State Insurance Company was obligated to provide the excess coverage, and granted the cross motion of the defendant Diamond State Insurance Company for summary judgment declaring that it is not obligated to provide the excess coverage.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment declaring that the defendant Diamond State Insurance Company was obligated to provide the excess coverage with respect to the underlying personal injury action pursuant to the policy of insurance.

An insurer must give written notice of a disclaimer of coverage "as soon as is reasonably possible" (Insurance Law § 3420) after it "first learns of the accident or of grounds for disclaimer of liability or denial of coverage" (*Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979]; *see Matter of New York Cent. Mut. Fire Ins. Co. v Aguirre*, 7 NY3d 772, 774 [2006]; *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003]; *Matter of Allstate Ins. Co. v Cruz*, 30 AD3d 511, 512 [2006]). This rule applies not only to an insurer's disclaimer of primary insurance coverage, but to a disclaimer of excess coverage as well (*see Mann v Gulf Ins. Co.*, 3 AD3d 554, 555-556 [2004]). Although the obligation of an excess insurance carrier is not implicated where the insured fails, through no fault of the excess insurer, to make a claim against the primary policy (*see Matter of Allcity Ins. Co. [Sioukas]*, 51 AD2d 525 [1976], *affd* 41 NY2d 872 [1977]), that situation is not presented here.

The plaintiff demonstrated her prima facie entitlement to summary judgment by showing that the subject car accident fell within the coverage provisions of the insurance policy issued by the defendant Diamond State Insurance Company (hereinafter Diamond), that Diamond disclaimed coverage on the ground that the driver of the automobile for which it provided excess liability insurance was an unauthorized driver, that Diamond learned of this ground for disclaiming coverage within days of the accident, when it received a copy of a police accident report (*see Allstate Ins. Co. v Kuper*, 140 AD2d 479, 480 [1988]), and that Diamond did not disclaim for 50 days thereafter (*see First Fin. Ins. Co. v Jetco Contr. Corp., supra*; *National Cas. Co. v Levittown Events*, 191 AD2d 543 [1993]; *cf. Nigro v General Acc. Ins. Co. of N.Y.*, 239 AD2d 474 [1997]). In opposition, Diamond failed to raise a triable issue of fact. Diamond proffered no excuse for its delay and it was not entitled to wait until the plaintiff's primary coverage was exhausted before disclaiming.

To the extent that *Gardner v Ryder Truck Rental* (261 AD2d 505 [1999]) holds to the contrary, it should no longer be followed.

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment declaring that Diamond was obligated to provide coverage, and denied Diamond's cross motion for summary judgment declaring that it was not so obligated.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that Diamond was obligated to provide the excess coverage with respect to the underlying personal injury action pursuant to the policy of insurance (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Crane, Spolzino and Covello, JJ., concur.