■ GPH PARTNERS, LLC, Appellant, v AMERICAN HOME ASSURANCE COMPANY et al., Defendants, and ADMIRAL INSURANCE COMPANY, Respondent. [924 NYS2d 41]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 26, 2010, which granted defendant Admiral Insurance Company's (Admiral) motion for summary judgment declaring that it has no duty to defend or indemnify plaintiff with regard to the underlying personal injury action, unanimously reversed, on the law, with costs, the motion denied, and it is declared that defendant Admiral has a duty to defend and indemnify plaintiff in the underlying action.

Supreme Court erred by considering only the language of the subject policy's wrap-up exclusion, without also examining whether Admiral timely asserted such exclusion as a basis for its disclaimer. "A disclaimer is unnecessary when a claim does not fall within the coverage terms of an insurance policy . . . [but] a timely disclaimer pursuant to Insurance Law § 3420 (d) is required when a claim falls within the coverage terms but is denied based on a policy exclusion" (*Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646, 648-649 [2001] [citations omitted]; *A. Servidone, Inc. v Commercial Underwriter's Ins. Co.*, 7 AD3d 942, 943-944 [2004], *lv dismissed* 3 NY3d 701 [2004]).

"[T]imeliness of . . . disclaimer is measured from the . . . time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003]). Thus, where an insurer "becomes sufficiently aware of the facts which would support a disclaimer," the time to disclaim begins to run, and the insurer bears the burden of explaining any delay in disclaiming coverage (*see Hunter Roberts Constr. Group, LLC v Arch Ins. Co.*, 75

AD3d 404, 409 [2010]). Where the basis for the disclaimer was, or should have been, readily apparent before onset of the delay, the insurer's explanation for its delay fails as a matter of law (*id.*). Even where the basis for disclaimer is not readily apparent, the insurer has a duty to promptly and diligently investigate the claim (*see Those Certain Underwriters at Lloyds, London v Gray*, 49 AD3d 1, 3 [2007]; *City of New York v Welsbach Elec. Corp.*, 49 AD3d 322, 323 [2008]).

Admiral's May 1 and May 15, 2007 disclaimers were untimely as a matter of law. Via January 2007 e-mails, Admiral was on notice of plaintiff's claim for coverage. Grounds for disclaimer based on either delay in notice of the occurrence or the wrap-up exclusion should have been readily apparent to Admiral in January 2007, and, even if they were not, at a minimum, Admiral should have started an investigation at that time. Admiral's position that it only learned that plaintiff was making a coverage request via its attorney's April 23, 2007 letter requesting "confirmation" of coverage, and that it could not have known about the existence of the wrap-up policy until May 10, 2007, is not borne out by the record.

We have considered Admiral's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Andrias, Moskowitz and Freedman, JJ.