■ GPH PARTNERS, LLC, Appellant, v AMERICAN HOME ASSURANCE COMPANY et al., Defendants, and ADMIRAL INSURANCE COMPANY, Respondent. [929 NYS2d 131]—

Supreme Court erred by considering only the language of the subject policy's wrap-up exclusion, without also examining whether Admiral timely asserted such exclusion as a basis for its disclaimer. "A disclaimer is unnecessary when a claim does not fall within the coverage terms of an insurance policy . . . [but] a timely disclaimer pursuant to Insurance Law § 3420 (d) is required when a claim falls within the coverage terms but is denied based on a policy exclusion" (*Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646, 648-649 [2001] [citation omitted]; *A. Servidone, Inc. v Commercial Underwriter's Ins. Co.*, 7 AD3d 942, 943-944 [2004], *lv dismissed* 3 NY3d 701 [2004]).

"[T]imeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for

disclaimer of liability or denial of coverage" (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003]). Thus, where an insurer "becomes sufficiently aware of the facts which would support a disclaimer," the time to disclaim begins to run, and the insurer bears the burden of explaining any delay in disclaiming coverage (*see Hunter Roberts Constr. Group, LLC v Arch Ins. Co.*, 75 AD3d 404, 409 [2010]). Where the basis for the disclaimer was, or should have been, readily apparent before onset of the delay, the insurer's explanation for its delay fails as a matter of law (*id.*). Even where the basis for disclaimer is not readily apparent, the insurer has a duty to promptly and diligently investigate the claim (*see Those Certain Underwriters at Lloyds, London v Gray*, 49 AD3d 1, 3 [2007]; *City of New York v Welsbach Elec. Corp.*, 49 AD3d 322, 323 [2008]).

Admiral's May 1 and May 15, 2007 disclaimers were untimely as a matter of law. Via January 2007 e-mails, Admiral was on notice of plaintiff's claim for coverage. Grounds for disclaimer based on either delay in notice of the occurrence or the wrap-up exclusion should have been readily apparent to Admiral in January 2007, and, even if they were not, at a minimum, Admiral should have started an investigation at that time. Admiral's position that it only learned that plaintiff was making a coverage request via its attorney's April 23, 2007 letter requesting "confirmation" of coverage, and that it could not have known about the existence of the wrap-up policy until May 10, 2007, is not borne out by the record.

We have considered Admiral's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Andrias, Moskowitz and Freedman, JJ.

---

The decision and order of this Court entered herein on May 12, 2011 (84 AD3d 522 [2011]) is hereby recalled and vacated (*see* 2011 NY Slip Op 82433[U] [2011] [decided simultaneously herewith]).