(June 12, 2014)

■ HERMITAGE INSURANCE COMPANY, Appellant, v EVANS FLOOR SPECIALIST, INC., Defendant, and MIGUEL LUIS et al., Respondents. [988 NYS2d 37]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered March 18, 2013, which denied plaintiff's motion for a default judgment against defendant Evans Floor Specialist, Inc., and granted defendants Miguel Luis, Judy Luis, Jean Joseph Bruneau, and Venita Bruneau's motion for summary judgment declaring that plaintiff must defend and indemnify Evans in their underlying personal injury action, unanimously reversed, on the law, without costs, plaintiff's motion granted, defendants' motion denied, and it is declared that plaintiff is not required to defend and indemnify Evans in the underlying personal injury action.

Plaintiff, Hermitage Insurance Company, issued a commercial general liability policy to defendant flooring contractor Evans Floor Specialist, Inc. Although the policy covered property damage and bodily injury for which the insured was held liable due to an accident, it contained an exclusion for bodily injury to an employee of the insured "arising out of and in the course of: (a) Employment by the insured; or (b) Performing duties related to the conduct of the insured's business."

Evans Floor Specialist was retained to refinish wood floors in an apartment on Sedgewick Avenue in the Bronx, and it assigned its employees, defendants Miguel Luis and Jean Joseph Bruneau, to perform the work. On June 27, 2008, Luis and Bruneau were applying a floor finish when a spark caused the finish to catch fire.

A year later, on July 23, 2009, Luis (and his spouse) and Bruneau (and his spouse) brought a personal injury action against Evans. Hermitage then commenced the present action,

seeking a declaration that its policy did not cover the claims. Evans defaulted in the action; the Luis and Bruneau defendants answered, and contended that Hermitage's disclaimer of coverage was untimely. The motion court denied Hermitage's motion for a default judgment against Evans, and, granting the Luis and Bruneau defendants' cross motion, declared that Hermitage was required to defend and indemnify Evans in the personal injury action. Citing, inter alia, *Those Certain Underwriters at Lloyds, London v Gray* (49 AD3d 1 [1st Dept 2007]), it relied on Hermitage's failure to promptly investigate the claim.

*Those Certain Underwriters* states: "An insurer must serve written notice on the insured of its intent to disclaim coverage under its policy 'as soon as is reasonably possible' (Insurance Law § 3420 [d]). The reasonableness of the timing of a disclaimer is measured from the date when the insurer knew or should have known that grounds for the disclaimer existed. If such grounds were, or should have been, 'readily apparent' to the insurer when it first learned of the claim, any subsequent delay in issuing the disclaimer is unreasonable as a matter of law. *If it is not readily apparent, the insurer has the right, albeit* [sic] *the obligation, to investigate, but any such investigation must be promptly and diligently conducted*" (49 AD3d at 4 [emphasis added and citations omitted]).

We conclude that the claim filed by Evans did not trigger any obligation on the part of Hermitage to investigate the possibility of a bodily injury claim. The notice of occurrence/claim supplied to Hermitage on June 30, 2008 merely stated, in the box provided for a description of the occurrence, "insd states that one of his employees started at [sic] fire at insds residence by pulling a vacu[um] cord." In the box provided for the name and address of injured persons or damaged property, it stated, "unknown, sedwick ave bronx." If a claim were being made to cover bodily injury, that is where the insured would have been expected to provide, at least, the names of the individuals injured, as well as the other information for which space was provided in the form. The information that was provided indicated only the possibility of a property damage claim by the owner of the apartment; it contained nothing to indicate that anyone was injured in the fire. The mere references in the claim form's information section to the policy's "Employment Related Practices Exclusion" and its "Contractors Professional Liability Exclusion" were insufficient to make the possibility of bodily injury readily apparent to Hermitage and thus to warrant imposing on it an affirmative obligation to investigate whether any individuals were injured in the fire.

It was certainly not readily apparent to Hermitage when it received the claim form that it had grounds for disclaiming; it was not even apparent that it could anticipate a bodily injury claim. The rule relied on by the motion court for imposing on Hermitage a duty to investigate the possibility that people were injured in the fire (*see GPH Partners, LLC v American Home Assur. Co.*, 87 AD3d 843, 844 [1st Dept 2011]; *Those Certain Underwriters*, 49 AD3d at 4-5) is inapposite. The rule is applied where the claim form provides the insurer with enough information about the nature of the claim to prompt an investigation to determine whether there are grounds to claim an exclusion.

Because Hermitage received a claim form that only indicated the potential for a property damage claim by the owner of the apartment, and nothing to indicate that anyone was injured in the fire, and learned of the bodily injury claim only when it received a letter dated July 2, 2009 from the Luis and Bruneau defendants' counsel, its disclaimer on July 30, 2009, after it conducted an initial investigation and determined that the two men were Evans's employees and were injured in the course of their work, was timely. Concur—Gonzalez, P.J., Tom, Friedman, Andrias and Saxe, JJ.